Docket No. 81358–Agenda 7–March 1997.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DARRYL DAVIS, Appellee.

Opinion filed October 17, 1997.

JUSTICE NICKELS delivered the opinion of the court:

We here decide the constitutionality of the statutory penalty for felons who violate the Firearm Owners Identification Card Act (430 ILCS 65/0.01 
et seq
. (West 1994)). The circuit court of Cook County found that the statutory penalty for felons in possession of a firearm without proper registration (730 ILCS 5/5–5–3(c)(2)(N) (West Supp. 1995)), when compared to the penalty for the offense of unlawful use of a weapon by a felon (720 ILCS 5/24–1.1 (West 1994)), is disproportionate under section 11 of article I of the 1970 Illinois Constitution. The circuit court also found that the sentencing disparity violated due process under both the Illinois and United States Constitutions. Ill. Const. 1970, art. I, §2; U.S. Const., amend. XIV. The State appealed directly to this court. 134 Ill. 2d R. 603.
(footnote: 1) For reasons that follow, we agree that the statutory penalty for felons convicted of failing to register a firearm pursuant to the Firearm Owners Identification Card Act violates the Illinois Constitution. We therefore affirm the trial court.

BACKGROUND

Defendant, Darryl Davis, was charged by information with two counts of unlawful use of a weapon by a felon (720 ILCS 5/24–1.1(a) (West 1994) (one count each for a firearm and ammunition)), one count of unlawful use of a weapon (720 ILCS 5/24–1(a)(4) (West 1994)), and one count of failing to have a firearm owner's card in violation of the Firearm Owners Identification Card Act (430 ILCS 65/2(a)(1) (West 1994)).

Prior to trial, defendant filed a motion to dismiss the Firearm Owners Identification Card Act charge. In his motion, defendant noted that possessing a firearm without a firearm owner's card is a nonprobationable Class 3 felony that is subject to a minimum two-year prison sentence. See 730 ILCS 5/5–5–3(c)(2)(N) (West Supp. 1995). In contrast, the offense of unlawful use of a weapon by a felon is a probationable Class 3 felony. See 730 ILCS 5/5–8–1(a)(6) (West 1994). Defendant's motion alleged that it was irrational to make the penalty for the registration offense nonprobationable while the penalty for the offense of unlawful use of a weapon by a felon is probationable. Thus, defendant contended that the Firearm Owners Identification Card Act sentencing provision for felons violated due process under both the Illinois and United States Constitutions. See Ill. Const. 1970, art. I, §2; U.S. Const., amend. XIV.

Defendant also argued that giving the registration offense a more serious penalty violates section 11 of article I of the 1970 Illinois Constitution. This provision, referred to as the proportionate penalties clause or the limitation-of-penalties provision, provides in part:

“All penalties shall be determined *** according to the seriousness of the offense ***.” Ill. Const. 1970, art. I, §11.

Defendant's motion alleged that the Firearm Owners Identification Card Act sentencing provision violates this constitutional guarantee by providing a more severe penalty for that offense than for the more serious offense of unlawful use of a weapon by a felon.

Last, defendant's motion alleged that the Firearm Owners Identification Card Act charge constituted a double enhancement. Defendant essentially suggested that his status as a felon should not be used twice to enhance the punishment for his criminal conduct. In this regard, defendant noted that because he is a felon he could not obtain a firearm owner's card. Defendant therefore reasoned that he cannot commit the lesser punished unlawful use of a weapon by a felon offense without committing the more harshly punished registration offense. Thus, defendant contended that the Firearm Owners Identification Card Act charge constituted a double enhancement based on his status as a felon.

After a hearing, the circuit court granted defendant's motion to dismiss the Firearm Owners Identification Card Act charge. The circuit court held that the penalty provision for felons convicted of violating the Firearm Owners Identification Card Act offended both due process and the proportionate penalties clause. The court reasoned that “there is no rational basis for *** making it non-probationable not to have the card and probationable to have the gun that requires you to have the card.” The circuit court rejected defendant's contention that the Firearm Owners Identification Card Act penalty provision constituted a double enhancement. The State then appealed the dismissal of the Firearm Owners Identification Card Act charge directly to this court.

During the briefing of this case, this court decided 
People v. Lewis
, 175 Ill. 2d 412 (1996), which addressed the scope of the proportionate penalties clause. The State repeats here many arguments it made in 
Lewis
. Therefore, we briefly address those arguments prior to turning attention to the merits of the present claim. Furthermore, as we find the proportionate penalties issue dispositive, the following analysis does not address the due process or double enhancement claims.

ANALYSIS

Pretrial Dismissal

The State first argues that the circuit court erred on procedural grounds. The State contends that the circuit court erred in dismissing the Firearm Owners Identification Card Act charge prior to trial because such a ruling is premature and invades prosecutorial discretion concerning what offenses to charge.

This court rejected these exact challenges in 
People v. Lewis
, 175 Ill. 2d 412, 423 (1996). In 
Lewis
, this court observed that proportionate penalty challenges are routinely considered in a pretrial posture. See, 
e.g.
, 
People v. Bailey
, 167 Ill. 2d 210, 234-37 (1995); 
People v. Farmer
, 165 Ill. 2d 194, 209-10 (1995); 
People v. Johns
, 153 Ill. 2d 436, 447-49 (1992); 
People v. Hamm
, 149 Ill. 2d 201, 218-20 (1992); 
People v. Simmons
, 145 Ill. 2d 264, 269-72 (1991).

Relying on 
People v. Christy
, 139 Ill. 2d 172 (1990), this court in 
Lewis
 also rejected the contention that such a pretrial dismissal improperly usurps prosecutorial discretion. 
Lewis
, 175 Ill. 2d at 417. The court reasoned that where the penalty for a given offense violates the proportionate penalties clause, the prosecutor has no discretion to charge that offense. 
Lewis
, 175 Ill. 2d at 422. Thus, we address the merits of the proportionate penalties issue.

Proportionate Penalties

In examining the constitutionality of a statute, we are guided by familiar standards. Legislative enactments are presumed to be constitutional and all reasonable doubts must be resolved in favor of upholding their validity. 
People v. La Pointe
, 88 Ill. 2d 482, 499 (1985). For this reason, the party challenging a statute bears the burden of clearly establishing the alleged constitutional violation. 
Johns
, 153 Ill. 2d at 442.

In 
Lewis
, this court addressed the scope of section 11 of article I of the 1970 Illinois Constitution. At issue was whether the statutory penalties for armed robbery (720 ILCS 5/18–2 (West 1994)) and armed violence predicated on robbery with a category I weapon (720 ILCS 5/33A–2 (West 1994)) constituted proportionate penalties. The two offenses had identical elements, but were subject to different sentencing ranges.

In addressing this issue, the 
Lewis
 court rejected two arguments concerning the proper scope of proportionality review that are repeated in the present appeal. First, the State argued that the proportionate penalties clause was not intended by the drafters of the Illinois Constitution to apply to the legislature. Instead, the State asserted that the true purpose of the provision was to provide a check on judicially imposed sentences. This court rejected that view and held that the proportionate penalties clause restricts the power of the legislature in establishing statutory criminal penalties. 
Lewis
, 175 Ill. 2d at 420.

Second, the State argued in 
Lewis
 that, even if the proportionate penalties clause applies to the legislature, it does not provide for the comparison of penalties for different offenses. Instead, the State sought to limit review under the proportionate penalties clause to an examination of the gravity of a particular offense with the severity of its sentence. See 
Lewis
, 175 Ill. 2d at 425 (Miller, J., dissenting, joined by Nickels, J.). Under this review, the proportionate penalties clause is violated only where a legislative punishment for a particular offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. See, 
e.g.
, 
People v. Gonzales
, 25 Ill. 2d 235, 240 (1962); 
Farmer
, 165 Ill. 2d at 209-10.

The 
Lewis
 court found that review under the proportionate penalties clause is not limited to examining the gravity of a particular offense and the severity of the penalty. Instead, the court determined that comparing different offenses and their penalties is an accepted part of proportionality review. 
Lewis
, 175 Ill. 2d at 420 (citing cases). The court explained that “[t]he comparison of similar statutes and their penalties helps impose a measure of objectivity upon the process of proportionality review which, if restricted to comparing a single offense and its penalty, would otherwise be lacking.” 
Lewis
, 175 Ill. 2d at 421.

Where a comparison of different offenses is at issue, a penalty “violates the proportionate penalties clause where conduct that creates a less serious threat to the public health and safety than other conduct is punished more harshly.” 
People v. Hickman
, 163 Ill. 2d 250, 259 (1994), citing 
People v. Johns
, 153 Ill. 2d 436, 447 (1992); see also 
People v. Morris
, 136 Ill. 2d 157, 168 (1990). However, this court has recognized that, “[t]he legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses.” 
People v. Steppan
, 105 Ill. 2d 310, 319 (1985). Thus, courts will generally defer to a legislative judgment that a particular offense is more serious than another. See 
People v. Lee
, 167 Ill. 2d 140, 147 (1995).

Lewis
 did not involve the comparison of two different offenses, but instead involved the comparison of the penalties for two identical offenses. The court determined that the different sentencing ranges for the offenses of armed robbery (six-year mandatory minimum) and armed violence predicated on robbery with a category I weapon (15-year mandatory minimum) violated the proportionate penalties clause. Relying on 
People v. Christy
, 139 Ill. 2d 172 (1990), the court held that the proportionate penalties clause is violated where two offenses have identical elements, but are subject to different sentencing ranges. 
Lewis
, 175 Ill. 2d at 423. Thus, the defendant could only be charged with the less severely punished armed robbery offense.

The 
Lewis
 court noted that this comparison of identical offenses is “less troublesome than the general cross-comparison type of review” of two different offenses. 
Lewis
, 175 Ill. 2d at 421. Comparison of identical offenses is less troublesome because a court is not forced to make difficult determinations regarding the relative seriousness of the offense or the severity of the penalty. 
Lewis
, 175 Ill. 2d at 421.

Thus, review under the proportionate penalties clause can take three different forms. First, the proportionate penalties clause is violated where the punishment for a particular offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. 
Gonzales
, 25 Ill. 2d at 240; 
Farmer
, 165 Ill. 2d at 209-10. Second, the proportionate penalties clause is violated where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly. 
Hickman
, 163 Ill. 2d at 259. 
Morris
, 136 Ill. 2d at 168; 
Johns
, 153 Ill. 2d at 447; 
People v. Wisslead
, 94 Ill. 2d 190, 196-97 (1983). Third, the proportionate penalties clause is violated where identical offenses are given different sentences. 
Lewis
, 175 Ill. 2d 412; 
Christy
, 139 Ill. 2d 172.

Defendant does not suggest that a mandatory prison sentence for a felon who violates the Firearm Owners Identification Card Act is cruel or wholly disproportionate to that offense. Nor could he. However, defendant does argue that the Firearm Owners Identification Card Act offense and the unlawful use of a weapon by a felon offense are identical. Defendant reasons that the offenses are identical because a felon cannot obtain a firearm owner's identification card. Thus, a felon carrying a firearm will always violate both provisions. If the offenses are identical, the Firearm Owners Identification Card Act offense violates the proportionate penalties clause because that offense has a more severe sentence, a mandatory prison term.

The State disputes that the offenses are identical. The State notes that the offense of unlawful use of weapon by a felon requires only the knowing possession of a weapon by a felon. In contrast, the elements of the Firearm Owners Identification Card Act offense are possession of a firearm without proper registration. 430 ILCS 65/2 (West 1994). The defendant's felony status is not an element of the Firearm Owners Identification Card Act offense, but is only a factor relevant to sentencing. 430 ILCS 65/14(c) (West Supp. 1995). As the offenses have different elements, the State asserts they are not identical offenses even though a felon with a firearm will violate both.

Assuming the offenses are not identical, the general cross-comparison analysis applies. Under this analysis, the proportionate penalties clause is violated where different offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly.
 Cf
. 
People v. Bradley
, 79 Ill. 2d 410 (1980) (finding a violation of Illinois due process clause where possession of controlled substance was punished more severely than delivery); 
People v. Wagner
, 89 Ill. 2d 308 (1982) (finding a violation of Illinois due process clause where delivery of look-alike controlled substance was punished more severely than delivery of an actual controlled substance).

For example, in 
People v. Wisslead
, 94 Ill. 2d 190 (1983), this court compared the penalties for the offenses of armed violence predicated on unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 33A–2) and aggravated kidnapping (Ill. Rev. Stat. 1979, ch. 38, par. 10–2(a)(5)). The court determined that aggravated kidnapping is a more serious offense than armed violence based on unlawful restraint, but the latter was sentenced more harshly. Thus, the court found that the armed violence penalty violated the proportionate penalties clause. 
Wisslead
, 94 Ill. 2d at 195-96.

In other cases, this court has rejected challenges under the proportionate penalties clause even though the offenses at issue prohibited similar conduct but carried different penalties. In 
People v. Steppan
, 105 Ill. 2d 310 (1985), defendant argued that it was disproportionate to have a more severe punishment for burglary of the contents of a motor vehicle than for the theft of the vehicle and all its contents. This court determined that the burglary of a motor vehicle may be punished more severely than the theft of a vehicle without offending the proportionate penalties clause. The court reasoned that the burglary statute and the theft statute have different purposes and the legislature may have increased the burglary penalty out of a desire to halt the increase of that particular crime. 
Steppan
, 105 Ill. 2d at 320-21; see also 
Johns
, 153 Ill. 2d at 449.

Similarly, in 
People v. Hickman
, 163 Ill. 2d 250 (1994), this court compared the penalties for the offenses of criminal drug conspiracy (720 ILCS 570/405.1 (West 1992)) with the offense of calculated criminal drug conspiracy (720 ILCS 570/405 (West 1992)). This court determined that each offense targeted a specific evil and neither offense was “less serious” than the other. 
Hickman
, 163 Ill. 2d at 260. The criminal drug conspiracy offense was intended to punish large-scale traffickers whereas the offense of calculated drug conspiracy was intended to punish the organizer of the conspiracy more severely than less culpable members of the conspiracy. 
Hickman
, 163 Ill. 2d at 260. Therefore, each offense served a different purpose and each could be subject to a different sentence. 
Hickman
, 163 Ill. 2d at 260.

Applying this precedent, we are left with two inquiries. The first inquiry is whether the purposes of the Firearm Owners Identification Card Act offense and the unlawful use of a weapon by a felon offense are distinct such that comparative proportionality review is not appropriate. See 
Steppan
, 105 Ill. 2d at 321-22; 
Hickman
, 163 Ill. 2d at 260. If the purposes are related, the second inquiry is whether the nonprobationable Firearm Owners Identification Card Act offense is more serious than the probationable offense of unlawful use of a weapon by a felon.

We find that comparative proportionality review is appropriate for these offenses. It cannot be seriously contended that the legislature made violations of the Firearm Owners Identification Card Act by felons nonprobationable without intending to prevent the possession of weapons by felons. The purposes of both the Firearm Owners Identification Card Act sentencing provision and the unlawful use of a weapon by a felon offense are the same and 
Steppan
 and 
Hickman
 are therefore inapposite. Thus, our sole remaining inquiry is whether the nonprobationable Firearm Owners Identification Card Act offense is a more serious offense than the probationable offense of unlawful use of a weapon by a felon.

The State argues that a felon's failure to register a firearm is a more serious offense than unlawful use of a weapon by a felon. The State suggests that it is for the legislature to determine the best way to prevent felons from obtaining firearms, and the legislature has determined that the best way to do so is to require registration. Thus, the State reasons that the legislature may treat the failure to register as a more serious offense than the unlawful use of a weapon by a felon.

Defendant responds that where a felon is not involved, the legislature treats the unlawful use of a weapon as a more serious offense and gives that offense a more severe penalty than the failure to have proper registration. Where an individual is not a felon, the unlawful use of a weapon (720 ILCS 5/24–1(a)(4) (West 1994)) is classified as a Class 4 felony (720 ILCS 5/24–1(b) (West 1994)). Where a nonfelon fails to register a firearm under the Firearm Owners Identification Card Act, the offense is generally punished as a Class A misdemeanor. 430 ILCS 65/14 (West Supp. 1995). Defendant therefore argues that where a felon is involved, the unlawful use of a weapon must similarly be considered a more serious offense than having a firearm without proper registration.

We agree with the defendant that the Firearm Owners Identification Card Act offense must be considered a less serious offense than unlawful use of a weapon by a felon. In 
People v. Morris
, 136 Ill. 2d 157 (1990), this court compared the penalty for altering a temporary vehicle registration permit with the penalty for possession of a stolen motor vehicle. The court found that altering the temporary registration on a vehicle which one owns is a less serious offense than possession of a stolen motor vehicle. 
Morris
, 136 Ill. 2d at 163-68. In so finding, the court rejected the State's argument that, because both provisions were designed to prevent stolen motor vehicles, both could have the same penalty. Instead, the court found that treating the offense of altering one's vehicle registration, which is a prophylactic offense designed to prevent stolen vehicles, the same as other theft related offenses violates the proportionate penalties clause. 
Morris
, 136 Ill. 2d at 163. 

Similarly, even though both the Firearm Owners Identification Card Act offense and the unlawful use of a weapon by a felon offense are designed to prevent the possession of firearms by felons, a violation of the registration requirement is a less serious offense. The registration requirement is part of a prophylactic administrative scheme designed “to provide a system of identifying persons who are not qualified to acquire or possess firearms.” 430 ILCS 65/1 (West 1994). As stated by the trial court, it is disproportionate to make the failure to have the card a more serious offense than having the firearm that requires you to have the card. We note that it is the firearm that creates the serious risk to health and safety. Unlike the firearm, the card cannot be loaded.

CONCLUSION

We find that the penalty for violations of the Firearm Owners Identification Card Act by a felon (730 ILCS 5–5–3(c)(2)(N) (West Supp. 1995)) violates section 11 of article I of the 1970 Illinois Constitution when compared to the penalty for the offense of unlawful use of a weapon by a felon. Accordingly, we affirm the trial court and remand to that court for further proceedings. The Firearm Owners Identification Card Act charge is dismissed; on remand, the State may prosecute the remaining charges.

Affirmed and remanded.

JUSTICE MILLER, dissenting:

The majority finds an unconstitutional disproportionality in the imposition of a stricter penalty for a felon's possession of a firearm without proper registration than for the offense of unlawful use of weapons by a felon. I disagree. The two crimes are distinct offenses with different elements, and the legislature is entitled to say that one is more serious than the other. It should be noted that the weapon required for the offense of unlawful use of weapons need not be a firearm, and to that extent the legislature could justifiably conclude that the possession of a firearm without proper registration is the more serious crime. In circumstances in which the conduct underlying the two offenses overlaps–that is, when a firearm is involved–I believe that the prosecutor should be free to decide whether to seek the greater penalty authorized by the more serious charge. I dissented in 
People v. Lewis
, 175 Ill. 2d 412 (1996), and 
People v. Christy
, 139 Ill. 2d 172 (1990), cited by the majority, and I continue to believe that the earlier decisions are in error.

In the present case, the majority acknowledges that the mandatory prison term for a felon who possesses a firearm without proper registration is not disproportionate to the offense. Slip op. at 6. That should mark the end, not the beginning, of our inquiry under the proportionate penalties clause, found in article I, section 11, of the Illinois Constitution (Ill. Const. 1970, art. I, §11). See 
People v. Farmer
, 165 Ill. 2d 194, 209-10 (1995). The propriety of the penalty for an offense should be assessed in relation to the conduct underlying that particular charge, and not in relation to the conduct prohibited by other offenses.

The majority's analysis, a wide-ranging comparative proportionality review, conflicts with the legislature's power to define offenses and prescribe penalties (
People v. Wade
, 131 Ill. 2d 370, 379 (1989); 
People v. Taylor
, 102 Ill. 2d 201, 205 (1984)), and diminishes the prosecutor's authority to decide which offenses to charge (see 
United States v. Batchelder
, 442 U.S. 114, 123, 60 L. Ed. 2d 755, 764, 99 S. Ct. 2198, 2204 (1979); 
People v. McCollough
, 57 Ill. 2d 440, 444 (1974)). The court's continuing effort to catalog and organize the entire body of our criminal law according to one grand scheme of comparative proportionality review exceeds the mandate of the proportionate penalties clause of our constitution and ultimately threatens to usurp the legislative and prosecutorial functions.

JUSTICE HARRISON joins in this dissent.

JUSTICE BILANDIC, also dissenting:

I respectfully dissent. I agree with my colleagues, Justices Miller and Harrison, that the two offenses at issue are distinct crimes and the legislature is entitled to determine that one is more serious than the other. The legislature must be given great deference in determining the relative seriousness of criminal offenses and this court should be extremely reluctant to second-guess the legislature's determination. See 
People v. Lee
, 167 Ill. 2d 140, 144-46 (1995); 
People v. Hickman
, 163 Ill. 2d 250, 259 (1994). I find no reason to second-guess the legislature's decision with regard to the offenses at issue in this case. I would find this court's decision in 
People v. Lewis
, 175 Ill. 2d 412 (1996), to be distinguishable because that case involved two identical offenses. 

FOOTNOTES
1:
The State mistakenly cites to Supreme Court Rule 302(a)(1) as the basis for jurisdiction. However, Rule 302(a)(1) involves direct appeals where a statute has been held invalid in a civil case. 134 Ill. 2d R. 302(a)(1). In a criminal case, direct appellate jurisdiction lies in this court under Rule 603. See also 
People v. Lewis
, 175 Ill. 2d 412, 414 (1996).