THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES P. GRAVES, Defendant-Appellant.

Third District    No. 3—00—0953

Opinion filed July 22, 2002.

Santiago A. Durango (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Herrmann, State's Attorney, of Princeton (John X. Breslin and Judith Z. Kelly (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

James P. Graves (defendant) pled guilty to the unauthorized theft of currency in excess of $10,000 but less than $100,000 (unauthorized theft) pursuant to sections 16—1(a)(1)(A) and (b)(5) of the Criminal Code of 1961 (Code) (720 ILCS 5/16—1(a)(1)(A), (b)(5) (West 1998)). The trial court sentenced defendant to 12 years' imprisonment and ordered him to pay $20,000 in restitution.

## FACTS

Defendant was charged by indictment with unauthorized theft, a Class 2 felony. The indictment did not provide notice to defendant of his eligibility for an extended-term sentence.

Defendant was employed by Edward D. Jones (Jones) as a broker. In March of 1998, Wendall L. Hansen (Hansen) and Elsie G. Tracy (Tracy) visited the Jones office in Princeton for the purposes of opening a joint annuity account. The victims gave defendant $20,000 to fund the account.

At trial, the State presented Hansen as its first witness. He testified that in March of 1998 he was 71 years old and Tracy was 93.

The following day, the State and defendant reached an agreement whereby defendant would plead guilty to the unauthorized theft charge in exchange for the dismissal of another charge. The State also submitted a factual basis for the plea and requested that the trial judge take judicial notice of the exhibits which had been introduced the day before, as well as additional proof the State would have produced had the trial continued. Defendant stipulated to the testimony of the State's potential witnesses and to the documentary evidence being tendered by the State.

Before defendant entered his plea, the trial judge admonished him of the rights he would forego by pleading guilty. The judge also explained the sentencing range for a Class 2 felony and informed defendant he was eligible for an extended sentence due to the victims' ages. Ordinarily, defendant would have been sentenced according to the Class 2 felony sentencing range of 3 to 7 years with the possibility of probation under section 5—5—3(b)(1) of the Unified Code of Corrections (730 ILCS 5/5—5—3(b)(1) (West 1998)) (the Unified Code). However, because of the ages of the victims, he was sentenced pursuant to section 5—5—3.2(b)(4)(ii) of the Unified Code (extended-term section), which carries a sentencing range of a mandatory 7 to 14 years, with no possibility of probation. 730 ILCS 5/5—5—3.2(b)(4)(ii) (West 1998). The judge then questioned defendant to ensure that his plea was entered voluntarily and knowingly. After defendant entered his guilty plea, the court sentenced him to 12 years' imprisonment

and ordered him to pay $20,000 to the victims as restitution for their lost investments.

Defendant now presents three issues on appeal: (1) that his extended-term sentence was unconstitutional, (2) that the statutory sentencing scheme used to formulate defendant's sentence violated the proportionate penalties clause of the Illinois Constitution, and (3) that his restitution order is invalid.

## ANALYSIS

### I. Extended-Term Sentence

■ Defendant contends that section 5—5—3.2(b)(4)(ii) of the Unified Code (730 ILCS 5/5—5—3.2(b)(4)(ii) (West 1998)) is unconstitutional in its application in light of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He asserts that the State failed to inform him in its indictment that, due to the age of the victims involved, he would be eligible for an extended sentence.

We do not reach the merits of this argument. Our supreme court has recently held that a plea of guilty waives any argument that a defendant may otherwise have had based on *Apprendi*. *People v. Jackson*, 199 Ill. 2d 286, 769 N.E.2d 21 (2002). The court has found that this waiver applies even to rights that had not been recognized by the courts at the time defendant's plea was entered. Accordingly, we reject defendant's *Apprendi* argument.

### II. Proportionate Penalties Clause

Defendant also challenges the constitutionality of the unauthorized theft statute under which he was convicted, claiming that it violates the proportionate penalties clause of the Illinois Constitution. Specifically, defendant contends that unauthorized theft, as defined in sections 16—1(a)(1)(A) and (b)(5) of the Code, is substantively indistinguishable from theft by deception (sections 16—1(a)(2) and (b)(7) of the Code (720 ILCS 5/16—1(a)(2), (b)(7) (West 1998))), yet the two carry quite different penalties. He claims that the State doubled his potential sentencing range by selecting the section of the criminal statute that exposed him to an extended term of 14 years for the very same crime for which he would otherwise be limited to 7 years.

■ We review the construction of the challenged criminal statute *de novo*. *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540, 554, 702 N.E.2d 563, 577 (1998).

■ The legislature clearly has the power under article I, section 2, of the Illinois Constitution to declare and define conduct constituting a crime and to determine the nature and extent of its punishment. The constitutional provisions limit these powers by mandating penal-

ties that are proportionate to the offenses and requiring the legislature, in defining crimes and their penalties, to consider the constitutional goal of prescribing penalties according to the seriousness of the offense. *People v. Lee*, 167 Ill. 2d 140, 656 N.E.2d 1065 (1995).

■ On appeal, the constitutionally required task of a reviewing court is to examine a sentencing scheme and determine whether it provides a proportionate penalty for the offense at issue. *People v. Lewis*, 175 Ill. 2d 412, 677 N.E.2d 830 (1996). The general practice of comparing different offenses and their respective penalties is an accepted part of a reviewing court's proportionality review. *Lewis*, 175 Ill. 2d at 420, 677 N.E.2d at 838. Interference with legislative judgment is justified only where the designated punishment is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. *Lee*, 167 Ill. 2d at 145, 656 N.E.2d at 1069. Because courts recognize that the legislature is institutionally more capable of determining the seriousness of offenses, they are reluctant to invalidate penalties prescribed by the legislature. *Lee*, 167 Ill. 2d at 145, 656 N.E.2d at 1069.

The Illinois Supreme Court in *People v. Christy*, 139 Ill. 2d 172, 564 N.E.2d 770 (1990), has provided useful insight into the proportionate penalties question. In *Christy*, the defendant was convicted of armed violence predicated on kidnaping (armed violence). The weapon involved was a knife with a blade in excess of three inches. *Christy*, 139 Ill. 2d at 175, 564 N.E.2d at 771. Defendant argued that the penalties for armed violence and aggravated kidnaping were unconstitutionally disproportionate because each offense required the same elements, yet armed violence was punished more severely than aggravated kidnaping. *Christy*, 139 Ill. 2d at 174, 564 N.E.2d at 772. Aggravated kidnaping (the commission of kidnaping while armed with a dangerous weapon, including knives with blades of at least three inches in length) required sentencing according to Class 1 felony standards. *Christy*, 139 Ill. 2d at 174, 564 N.E.2d at 772. However, armed violence (the commission of ANY felony while armed with a dangerous weapon, also including knives with blades in excess of three inches) required sentencing according to the more stringent Class X felony standards. Hence, the commission of kidnaping with a knife with a blade of at least three inches in length also constituted a Class X felony. *Christy*, 139 Ill. 2d at 174, 564 N.E.2d at 772. The supreme court found that since the elements for both aggravated kidnaping and armed violence were identical, yet carried different penalties, the penalties for the two offenses were unconstitutionally disproportionate. *Christy*, 139 Ill. 2d at 174, 564 N.E.2d at 772.

■ We find that the penalties for unauthorized theft and theft by

deception similarly violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11). Theft by deception is defined as the theft of property exceeding $5,000 in value without an expressed ceiling (720 ILCS 5/16—1 (a)(2), (b)(7) (West 1998)), which would include the theft of property with a value of $20,000. The commission of theft by deception against a victim who is 60 years or older carries a maximum sentence of seven years. 720 ILCS 5/16—1(a)(2), (b)(7) (West 1998); 730 ILCS 5/5—8—1(a)(5) (West 1998). However, unauthorized theft, which is defined as the theft of property between $10,000 and $100,000 in value (720 ILCS 5/16—1(1)(A), (b)(5) (West 1998)), which would also include the theft of property equaling $20,000, from a victim who is 60 years or older carries a maximum extended sentence of 14 years. 730 ILCS 5/5—5—3.2(b)(4)(ii), 5—8—2(a)(4) (West 1998). Since the two offenses require the same elements (see *People v. Fowler*, 72 Ill. App. 3d 491, 494, 390 N.E.2d 1377, 1380 (1979)), yet carry significantly different penalties, we find that the penalties are unconstitutionally disproportionate.

## III. Restitution Order

Defendant contends that the trial court lacked authority to order restitution because the judge failed to warn him of its possible imposition before he entered his guilty plea. Thus, defendant argues, the restitution order exceeded the maximum sentence of which he had been warned before pleading guilty and the order should be vacated.

■ The purpose of a motion to reconsider a sentence is to allow the trial court an opportunity to review the appropriateness of the sentence imposed and to correct any errors made. *People v. Wallace*, 143 Ill. 2d 59, 61, 570 N.E.2d 334, 336 (1991). Generally, issues not raised in a motion to reconsider the sentence are waived on appeal. *People v. Carroll*, 195 Ill. App. 3d 445, 552 N.E.2d 361 (1990).

The appellate court in *People v. Bronson*, 216 Ill. App. 3d 839, 576 N.E.2d 449 (1991), dealt with this very issue. There, the defendant requested on appeal that the trial court's restitution order be vacated because the court had not admonished him, prior to accepting his plea, that restitution was possible along with a sentence of imprisonment. *Bronson*, 216 Ill. App. 3d at 840, 576 N.E.2d at 450. However, the appellate court denied the request, finding that the defendant had waived the issue by failing to contest the imposition of restitution in the trial court in his two motions to reconsider the sentence. *Bronson*, 216 Ill. App. 3d at 842, 576 N.E.2d at 451.

■ In this instance, defendant also failed to include the issue of the propriety of the restitution order in either of the two motions he filed seeking reconsideration of his sentence. Thus, defendant has waived the issue.

■ Defendant also contends that the trial court should have redirected the restitution order because defendant's employer had already reimbursed the victims $20,000 for their lost investments. Not to do so, he claims, would constitute a windfall for the plaintiffs.

In support, defendant cites to *People v. Bier*, 210 Ill. App. 3d 1, 568 N.E.2d 443 (1991), where the appellate court ordered that the defendant pay restitution to the defendant's insurance carrier rather than the victim because the insurance company had already reimbursed the victim. In setting out support for its decision, the *Bier* court pointed to legislative revisions to section 5—5—6 of the Unified Code (restitution section) (730 ILCS 5/5—5—6(b) (West 1998)), which broadened the scope of the restitution statute for the specific purpose of including insurance carriers. *Bier*, 210 Ill. App. 3d at 34, 568 N.E.2d at 445.

However, *Bier* is distinguishable because the Edward D. Jones company itself is not an insurance company as defined by the statute and thus has not been designated by the statute as an acceptable alternative recipient of restitution. There is presently nothing in the record to indicate whether the payment from Jones was made by an insurer. If, on remand, Jones can make such a showing, the court may consider whether it is appropriate to redirect defendant's restitution payments toward the insurer of his former employer. Otherwise, we affirm the trial court's restitution order.

## CONCLUSION

In light of the foregoing analysis, we find that: (1) the trial court's extended-term sentence is unconstitutional as applied and is vacated; (2) the penalties for unauthorized theft and theft by deception are unconstitutionally disproportionate; but (3) the trial court's restitution order with the suggestion that payment be redirected is affirmed if appropriate. We remand for proper sentencing.

Affirmed in part, vacated and remanded in part.

HOLDRIDGE, J., concurs.

JUSTICE SLATER, dissenting:

I disagree with the majority's conclusion that the penalties for theft and theft by deception from a person over 60 violate the proportionate penalties clause. Theft of property valued between $10,000 and $100,000 is a Class 2 felony. 720 ILCS 5/16—1(b)(5) (West 1998). In a case such as this, where the victims are over 60 years of age, a defendant is eligible for an extended term. 730 ILCS 5/5—5—

3.2(b)(4)(ii) (West 1998). Theft by deception of property valued at $5,000 or more from a victim 60 or older is also a Class 2 felony. 720 ILCS 5/16—1(b)(7) (West 1998). A defendant would not, however, be subject to an extended term on the basis of the victim's age because doing so would constitute double enhancement.

The proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) prohibits the application of disparate penalties to offenses that are substantively identical. See *People v. Lewis*, 175 Ill. 2d 412, 677 N.E.2d 830 (1996); *People v. Christy*, 139 Ill. 2d 172, 564 N.E.2d 770 (1990); see also *People v. Davis*, 177 Ill. 2d 495, 687 N.E.2d 24 (1997). Where different offenses are at issue, however, no constitutional violation exists unless: (1) the penalty is cruel, degrading, or shocks the moral sense of the community; or (2) a less serious offense is punished more harshly than one that is more serious. See *Davis*, 177 Ill. 2d 495, 687 N.E.2d 24.

The majority's error is in finding that theft and theft by deception "require the same elements." 332 Ill. App. 3d at 690. In *People v. Fowler*, 72 Ill. App. 3d 491, 494-95, 390 N.E.2d 1377, 1380 (1979), cited by the majority, the court stated that the various subparagraphs of the theft statute "do not undertake to create a series of separate offenses, but rather to create a single offense of theft which may be performed in a number of ways." *Fowler* relied on *People v. Marino*, 44 Ill. 2d 562, 256 N.E.2d 770 (1970), where the defendants were charged with obtaining and exerting unauthorized control over property under section 16—1(a). Ill. Rev. Stat. 1963, ch. 38, par. 16—1(a). The defendants claimed that they should have been charged under section 16—1(d) (Ill. Rev. Stat. 1963, ch. 38, par. 16—1(d)) (obtaining control over stolen property) because the property had been stolen six months earlier. Our supreme court stated that receiving stolen property under subsection (d) was "not a separate offense" but was included within subsection (a). *Marino*, 44 Ill. 2d at 576, 256 N.E.2d at 778.

Although under *Marino* and *Fowler* theft by obtaining or exerting unauthorized control over property may not be a *separate offense* from obtaining control by deception, the two are not identical. "Deception" includes creating a false impression, preventing another from acquiring information pertinent to a transaction or falsely promising performance. See 720 ILCS 5/15—4 (West 1998). "Obtaining or exerting control," on the other hand, "includes but is not limited to the taking, carrying away, or the sale, conveyance, or transfer of title to, or interest in, or possession of property." 720 ILCS 5/15—8 (West 1998). Thus, properly understood, theft by deception is not a "separate offense" but is a particular *manner* of obtaining unauthorized control.

One could argue whether the additional element of deception should merit more, less or the same punishment as simply taking or carrying away property, but the point is that they are not the same.

"The legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses." *People v. Steppan*, 105 Ill. 2d 310, 319, 473 N.E.2d 1300, 1305 (1985). Accordingly, courts will generally defer to a legislative judgment that one particular offense is more serious than another. *Davis*, 177 Ill. 2d 495, 687 N.E.2d 24. I would submit that similar deference is due when the legislature makes a judgment that the *manner* in which an offense is committed merits more or less punishment. Such a legislative scheme is certainly not unknown. For example, the punishment for aggravated assault is a Class A misdemeanor when the person assaulted is a teacher, peace officer or fireman (see 720 ILCS 5/12—2(a)(3), (a)(6), (b) (West 2000)) but is a Class 4 felony when it involves a correctional officer or employee (720 ILCS 5/12—2(a)(14), (a)(15), (b) (West 2000)).

Here the legislature singled out theft by deception from a victim 60 years of age or older as warranting different punishment from other types of theft. The provision at issue is both more harsh and more lenient. It is more harsh in that it sets a lower threshold in terms of property value ($5,000 versus $10,000) for a Class 2 felony. It is more lenient in the sense that the victim's age cannot be the basis for imposing an extended-term sentence. Although perhaps not a model of consistency, I do not believe it violates the proportionate penalties clause of the Illinois Constitution. I would affirm the defendant's sentence.