800 N.E.2d 790 (2003)
207 Ill.2d 478
279 Ill.Dec. 502
The PEOPLE of the State of Illinois, Appellant,
v.
James P. GRAVES, Appellee.
No. 94633.
Supreme Court of Illinois.
September 18, 2003.
Rehearing Denied November 24, 2003.
James Ryan and Lisa Madigan, Attorneys General, Springfield, and Patrick J. Herrmann, State's Attorney, Princeton (Lisa Anne Hoffman and Karen Kaplan, Assistant Attorneys General, Chicago, and Norbert J. Goetten, John X. Breslin and Judith Z. Kelly, of the Office of the State's Attorneys Appellate Prosecutor, Ottawa, of counsel), for the People.
Robert J. Agostinelli, Deputy Defender, and Santiago A. Durango, Assistant Defender, of the Office of the State Appellate Defender, Ottawa, for appellee.
*791 Justice THOMAS delivered the opinion of the court:
The issue presented is whether the penalty for unauthorized theft of $20,000 from a victim over the age of 60 (720 ILCS 5/16-1(a)(1), (b)(5) (West 2000); 730 ILCS 5/5-5-3.2(b)(4)(ii), 5-8-2(b)(4) (West 2000)) is unconstitutionally disproportionate to the penalty for theft by deception of $20,000 from a victim over the age of 60 (720 ILCS 5/16-1(a)(2), (b)(7) (West 2000); 730 ILCS 5/5-8-1(a)(5) (West 2000)). We hold that it is not.

BACKGROUND
While working as an investment representative at Edward Jones, defendant, James P. Graves, misappropriated a $20,000 check entrusted to him by a 71-year-old man and his 93-year-old mother. Defendant later pleaded guilty to unauthorized theft of more than $10,000 but not more than $100,000, an offense that ordinarily is a Class 2 felony carrying a sentence of 3 to 7 years in prison. 720 ILCS 5/16-1(a)(1), (b)(5) (West 2000); 730 ILCS 5/5-8-1(a)(5) (West 2000). However, because the victims in this case were 60 years of age or older, defendant was eligible for an extended-term sentence of 7 to 14 years in prison. 730 ILCS 5/5-5-3.2(b)(4)(ii), 5-8-2(b)(4) (West 2000). The circuit court of Bureau County imposed an extended-term sentence of 12 years and ordered defendant to pay the victims $20,000 in restitution.
Before the appellate court, defendant first argued that his extended-term sentence was unconstitutional under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In support, defendant noted that the statutory aggravating factor in this casei.e., the age of the victimswas neither charged in the indictment nor proven beyond a reasonable doubt. Citing this court's decision in People v. Jackson, 199 Ill.2d 286, 263 Ill.Dec. 819, 769 N.E.2d 21 (2002), the appellate court held that defendant's guilty plea waived any Apprendi-based challenges to his sentence. 332 Ill.App.3d 685, 688, 266 Ill.Dec. 173, 773 N.E.2d 1243.
In the alternative, defendant argued that his 12-year sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const.1970, art. I, § 11). In support, defendant argued that, although the offense of unauthorized theft of $20,000 from a victim over the age of 60 is identical to that of theft by deception of $20,000 from a victim over the age of 60, the former offense carries a prison term of 7 to 14 years while the latter offense carries a prison term of only 3 to 7 years. The appellate court agreed with defendant, explaining that "[s]ince the two offenses require the same elements [citations], yet carry significantly different penalties, we find that the penalties are unconstitutionally disproportionate." 332 Ill.App.3d at 690, 266 Ill.Dec. 173, 773 N.E.2d 1243. Accordingly, the appellate court vacated defendant's extended-term sentence and remanded the cause "for proper sentencing." 332 Ill.App.3d at 691, 266 Ill.Dec. 173, 773 N.E.2d 1243.
Finally, defendant argued that the $20,000 restitution payment should be redirected from the victims to Edward Jones. According to defendant, Edward Jones has already reimbursed the victims for their $20,000 loss, and thus the payment of an additional $20,000 to the victims would constitute an unjustified windfall. The appellate court did not reach the merits of this argument, instead remanding the cause for further fact finding. 332 Ill.App.3d at 691, 266 Ill.Dec. 173, 773 N.E.2d 1243.
We allowed the State's petition for leave to appeal. 177 Ill.2d R. 315(a).

*792 ANALYSIS
A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. In re K.C., 186 Ill.2d 542, 550, 239 Ill.Dec. 572, 714 N.E.2d 491 (1999). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it reasonably can be done. People v. Malchow, 193 Ill.2d 413, 418, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000). Whether a statute is constitutional is a question of law that we review de novo. Malchow, 193 Ill.2d at 418, 250 Ill.Dec. 670, 739 N.E.2d 433.
In evaluating statutory challenges brought under the proportionate penalties clause of the Illinois Constitution, this court has employed three distinct tests. First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. People v. Bailey, 167 Ill.2d 210, 236, 212 Ill.Dec. 608, 657 N.E.2d 953 (1995), quoting People v. Gonzales, 25 Ill.2d 235, 240, 184 N.E.2d 833 (1962), quoting People ex rel. Bradley v. Illinois State Reformatory, 148 Ill. 413, 421-22, 36 N.E. 76 (1894). Second, a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely. People v. Davis, 177 Ill.2d 495, 503, 227 Ill.Dec. 101, 687 N.E.2d 24 (1997). Third, the proportionate penalties clause is violated "where offenses with identical elements are given different sentences." People v. Moss, 206 Ill.2d 503, 522, 276 Ill.Dec. 855, 795 N.E.2d 208 (2003); see also Davis, 177 Ill.2d at 503, 227 Ill.Dec. 101, 687 N.E.2d 24; People v. Christy, 139 Ill.2d 172, 181, 151 Ill.Dec. 315, 564 N.E.2d 770 (1990).
Here, we are concerned only with the last of these tests, the identical elements test. This test formed the sole basis for the appellate court's ruling, and it is the sole basis upon which defendant defends that ruling before this court. Under this test, the elements of the respective offenses must be identical before the proportionate penalties clause will be implicated. See Davis, 177 Ill.2d at 503, 227 Ill.Dec. 101, 687 N.E.2d 24; Christy, 139 Ill.2d at 181, 151 Ill.Dec. 315, 564 N.E.2d 770. In Christy, for example, this court observed that the commission of kidnapping while armed with a knife with a blade of at least three inches in length constitutes both aggravated kidnapping and armed violence with a category I weapon. Christy, 139 Ill.2d at 181, 151 Ill.Dec. 315, 564 N.E.2d 770. The court then noted that, "[s]ince the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical." (Emphasis added.) Christy, 139 Ill.2d at 181, 151 Ill.Dec. 315, 564 N.E.2d 770. Nevertheless, aggravated kidnapping was a Class 1 felony punishable by 4 to 15 years in prison, while armed violence predicated upon kidnapping with a category I weapon was a Class X felony punishable by 6 to 30 years in prison. Accordingly, the court held that the penalties for aggravated kidnapping and armed violence were unconstitutionally disproportionate. Christy, 139 Ill.2d at 181, 151 Ill.Dec. 315, 564 N.E.2d 770.
Unlike the offenses in Christy, and contrary to the appellate court's holding below, the offenses at issue in this case do not share identical elements. A person commits unauthorized theft when he or she knowingly obtains or exerts unauthorized control over property of the owner. 720 ILCS 5/16-1(a)(1) (West 2002). Thus, to secure a conviction under the unauthorized *793 theft statute, the State must prove that (1) the defendant obtained or exerted control over another's property, and (2) the control was unauthorized. By contrast, a person commits theft by deception when he or she knowingly obtains by deception control over property of the owner. 720 ILCS 5/16-1(a)(2) (West 2002). Thus, to secure a conviction under the theft by deception statute, the State must prove that (1) the defendant obtained control over the property of another, and (2) he did so through deception. The distinction between these two offenses is plain. Although both offenses require proof of control over another's property, the former requires proof that the control was unauthorized while the latter requires proof that the control was obtained by deception. These are not identical elements. To illustrate, if the State proves that a defendant knowingly obtained unauthorized control over the victim's property, but does not prove that he did so by deception, then that defendant could be convicted of unauthorized theft under section 16-1(a)(1) but could not be convicted of theft by deception under section 16-1(a)(2). These two sections target distinct conduct, and they contain distinct elements.
In support of the opposite assertion that "the two offenses require the same elements"the appellate court below cited People v. Fowler, 72 Ill.App.3d 491, 494, 28 Ill.Dec. 787, 390 N.E.2d 1377 (1979), which in turn cites this court's decision in People v. Marino, 44 Ill.2d 562, 256 N.E.2d 770 (1970). The appellate court's reliance upon these decisions is misplaced. In Marino, the defendants were charged with unauthorized theft under what is now section 16-1(a)(1). On appeal, the defendants argued that the indictment was invalid because they should have been charged with receiving stolen property under what is now section 16-1(a)(4). In rejecting the defendants' argument, this court explained that the conduct proscribed in section 16-1(a)(4) is not separate from, but rather to is included within, the conduct proscribed in section 16-1(a)(1). Marino, 44 Ill.2d at 576, 256 N.E.2d 770. The Fowler court then correctly construed Marino as holding that "the several subsections of section 16-1 do not undertake to create a series of separate offenses, but rather to create a single offense of theft which may be performed in a number of ways." Fowler, 72 Ill.App.3d at 494-95, 28 Ill.Dec. 787, 390 N.E.2d 1377. Of course, setting forth identical offenses is not synonymous with setting forth identical elements, as the preceding paragraph demonstrates. Significantly, Fowler itself recognizes this distinction when it states that "the several subsections of section 16-1 * * * create a single offense of theft which may be performed in a number of ways." (Emphasis added.) Fowler, 72 Ill.App.3d at 494-95, 28 Ill.Dec. 787, 390 N.E.2d 1377. That the single offense of theft may be performed in a number of ways necessarily requires that the single offense of theft be defined in a number of ways. Otherwise, theft could be committed in only one way, which is plainly not the case.[1]

CONCLUSION
Under the identical elements test, the proportionate penalties clause is violated *794 "where offenses with identical elements are given different sentences." Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d 208. Here, the offenses at issue do not share identical elements. Consequently, the sentences for those offenses do not violate the proportionate penalties clause, and the appellate court erred in so holding. We therefore reverse that portion of the appellate court's decision vacating defendant's extended-term sentence and remand this cause to the circuit court for further proceedings consistent with this decision.
Affirmed in part and reversed in part; cause remanded.
NOTES
[1] A textbook example of a single offense that can be committed in multiple ways is aggravated battery. Indeed, one subsection of the aggravated battery statute defines the offense as using a firearm during the commission of a battery (720 ILCS 5/12-4(b)(1) (West 2002)), while another defines the offense as knowingly giving to another person any food that contains any substance or object that is intended to cause physical harm if eaten (720 ILCS 5/12-4(d) (West 2002)). While both of these offenses undeniably constitute an aggravated battery, no one could seriously contend that they share common elements.