THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS E. MYERS, Defendant-Appellant.

Fourth District   No. 4—03—0757

Opinion filed August 2, 2005.

342

Daniel D. Yuhas and Colleen Morgan, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN, delivered the opinion of the court:

In June 2003, defendant, Douglas E. Myers, pleaded guilty to child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)). Following an August 2003 hearing, the trial court sentenced him to four years in prison.

Defendant appeals, arguing that, as applied to him, the mandatory minimum four-year sentence for child pornography is unconstitutional because it violates the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Specifically, he contends that (1) his four-year prison sentence is "wholly disproportionate" to the offense he committed and (2) the offense of child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)) violates the proportionate-

penalties clause when compared to the similar offense of sexual exploitation of a child (720 ILCS 5/11—9.1(a—5) (West 2002)). We disagree and affirm.

## I. BACKGROUND

In October 2002, the State charged defendant with child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)), in that on October 14, 2002, he photographed his 13-year-old stepdaughter, S.N., in a pose involving a lewd exhibition of her unclothed genitals and buttocks.

In April and June 2003, defendant filed two identical motions, in which he argued, in pertinent part, that the mandatory minimum four-year prison sentence for the offense of child pornography (730 ILCS 5/5—5—3(c)(2)(P) (West 2002)) is unconstitutional because it violates the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Specifically, he alleged that child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)) violates the proportionate-penalties clause when compared to the similar offense of criminal sexual assault (720 ILCS 5/12—13 (West 2002)). In May 2003, the State filed a responsive motion.

Later in June 2003, defendant pleaded guilty to child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)). The trial court admonished him that the minimum sentence for that offense was four years in prison. The State then provided the following factual basis for defendant's guilty plea. On October 14, 2002, defendant had S.N. wear a garment that left visible her genitals and buttocks. He stood behind S.N., made her pose in a "sexually suggestive manner," and used a digital camera to photograph her. The photographs depicted images of S.N. with her genitals and buttocks exposed. After hearing the factual basis, the court accepted defendant's guilty plea.

At the August 2003 sentencing hearing, the trial court denied defendant's identical motions alleging that child pornography violates the proportionate-penalties clause when compared to the similar offense of criminal sexual assault. The court then sentenced defendant to four years in prison. In September 2003, defendant filed a motion to reconsider and reduce sentence, which the court denied.

This appeal followed.

## II. ANALYSIS

### A. Proportionate-Penalties Clause

Statutes enjoy a strong presumption of constitutionality, and a reviewing court has a duty to construe statutes in a manner that upholds their validity whenever reasonably possible. The Supreme Court of Illinois has repeatedly recognized that the legislature has the

power to prescribe penalties for defined offenses, and that power necessarily includes the authority to prescribe mandatory sentences, even if such sentences restrict the judiciary's discretion in imposing sentences. *People v. Huddleston*, 212 Ill. 2d 107, 128-29, 816 N.E.2d 322, 335 (2004). Additionally, because the legislature is better equipped than the judiciary to identify and remedy the evils confronting our society, a reviewing court will generally defer to the legislature's judgment that a particular offense is more serious than another. *Huddleston*, 212 Ill. 2d at 130, 816 N.E.2d at 335.

■ The party challenging a statute bears the burden of demonstrating its invalidity. *Huddleston*, 212 Ill. 2d at 129, 816 N.E.2d at 335. In evaluating statutory challenges brought under the proportionate-penalties clause, our supreme court has employed three distinct tests: (1) whether the penalty is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; (2) whether the described offense, when compared to a similar offense, carries a more severe penalty although the proscribed conduct creates a less serious threat to the public health or safety; or (3) whether the described offense, when compared to an offense having identical elements, carries a different sentence. *Huddleston*, 212 Ill. 2d at 130, 816 N.E.2d at 335-36. We review *de novo* a constitutional challenge to a statute. *People v. Graves*, 207 Ill. 2d 478, 482, 800 N.E.2d 790, 792 (2003).

### B. Defendant's Claim That His Four-Year Sentence Is "Grossly Disproportionate" to the Offense He Committed

■ Defendant first argues that his statutorily mandated four-year sentence, without the possibility of probation, is so grossly disproportionate to the circumstances of the offense he committed that it shocks the moral sense of the community. We disagree.

Our supreme court has refrained from defining what kind of punishment is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community because, "as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community." *People v. Miller*, 202 Ill. 2d 328, 339, 781 N.E.2d 300, 308 (2002), citing *Trop v. Dulles*, 356 U.S. 86, 101, 2 L. Ed. 2d 630, 642, 78 S. Ct. 590, 598 (1958). Nonetheless, our supreme court's decision in *Huddleston*, 212 Ill. 2d 107, 816 N.E.2d 322, provides us with guidance. In that case, the supreme court concluded that the statutorily mandated natural-life sentence for predatory criminal sexual assault committed against two or more children was neither cruel, degrading, nor so wholly disproportionate to the offense committed as to shock the moral sense

of the community. The *Huddleston* court focused its analysis on the seriousness of sex offenses against children and, in particular, the degree of harm to the child victims and the frequency of the crimes in the population as a whole. *Huddleston*, 212 Ill. 2d at 132, 816 N.E.2d at 337. The court recognized that the United States Supreme Court has " 'sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights.' " *Huddleston*, 212 Ill. 2d at 132, 816 N.E.2d at 337, quoting *New York v. Ferber*, 458 U.S. 747, 757, 73 L. Ed. 2d 1113, 1122, 102 S. Ct. 3348, 3354 (1982). The court stated that " 'the welfare and protection of minors has always been considered one of the [s]tate's most fundamental interests' " and "[c]oncern for the welfare and safety of children is reflected in various criminal statutes and procedural enactments based upon the victim's age or youth." *Huddleston*, 212 Ill. 2d at 133, 816 N.E.2d at 337, quoting *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 311, 671 N.E.2d 668, 675 (1996).

The Illinois Supreme Court also has recognized that child pornography is "a grave national problem and one that has seriously infected our [s]tate." *People v. Geever*, 122 Ill. 2d 313, 324, 522 N.E.2d 1200, 1205 (1988). Given that, our legislature enacted a child-pornography statute (720 ILCS 5/11—20.1 (West 2002)) to deter and punish those engaged in acts of child pornography against children in our state. See *Geever*, 122 Ill. 2d at 326, 522 N.E.2d at 1206 ("The purpose of [the original Illinois child-pornography statute] is to prevent the sexual abuse and exploitation of children by 'drying up' the market for child pornography"). Child pornography is an offense that causes harm to the physiological, emotional, and mental health of a child and is particularly harmful "because the child's actions are reduced to a recording which could haunt the child in future years, especially in light of the mass distribution system for child pornography." *People v. Lamborn*, 185 Ill. 2d 585, 589, 708 N.E.2d 350, 353 (1999). With the aforementioned principles in mind, we now address defendant's proportionate-penalties argument.

Defendant admits that he harmed S.N. by taking pornographic photographs of her, and the record reflects that as well. As a result of his actions, S.N. suffered "psychological injury." At the sentencing hearing, her therapist described her as suffering from anxiety, confusion, sadness, depression, and anger. In addition to harming S.N., defendant harmed his nine-year-old stepdaughter, who was present in the home while defendant took pictures of her older sister and who told the reporting officer that she "was afraid to stay with [defendant],

as she was afraid that when she got older[,] he would do to her what he had done to [S.N.]"

Despite the obvious harm to S.N. and her younger sister, defendant contends that the seriousness of his offense is lessened because S.N. did not suffer any physical harm. We emphatically disagree. As the record shows, S.N. has suffered, and continues to suffer, psychological harm because defendant instructed her to wear clothing that exposed her buttocks and genitals, had her pose in a sexually suggestive manner, and took lewd photographs of her. See generally *Huddleston*, 212 Ill. 2d at 135, 816 N.E.2d at 338 (noting that "[c]ommentators have recognized that, aside from any *physical* injury a child may suffer in a sexual assault, children who are sexually assaulted are subject to chronic *psychological* problems that may be even more pernicious" (emphases in original)). Defendant committed a serious offense that inflicted significant harm upon S.N., regardless of whether she suffered any physical harm. Moreover, the fact that defendant committed this offense against a member of his own family makes his actions even more troubling and serious.

In addition, defendant suggests that the seriousness of his offense is lessened because he did not circulate the pornographic pictures of S.N. We are unpersuaded. First, defendant overlooks the fact that the pictures were distributed to a number of individuals who were involved with his case, including police investigators, evidence technicians, and attorneys. As the State points out, S.N. will always know that several individuals viewed lewd photographs of her. S.N.'s distress is not necessarily lessened simply by knowing that those individuals saw the lewd photographs in the course of their professional duties. See *Geever*, 122 Ill. 2d at 326-27, 522 N.E.2d at 1206, quoting D. Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act*, 17 Wake Forest L. Rev. 535, 545 (1981) (" 'even if the child can overcome the humiliation of the act of posing itself, he must carry with him the distressful feeling that his act has been recorded for all to see' "). Further, had defendant not been arrested shortly after taking the pornographic photographs of S.N., he easily could have distributed the photographs from the computer where he had saved them or through other means of distribution.

Moreover, we reject defendant's contention that the seriousness of his offense was mitigated because this was a "one[-]time offense." In support, defendant relies upon *Huddleston*, 212 Ill. 2d at 129, 816 N.E.2d at 335, in which the supreme court noted that one of the factors to be considered in determining the seriousness of an offense is the frequency of the crime. However, as the State points out, the supreme court was referring to the frequency of the crime in the population as a whole, not for an individual defendant.

Having considered all the relevant factors in light of the particular circumstances of defendant's case, we conclude that defendant's statutorily mandated four-year sentence for his child-pornography conviction is not so grossly disproportionate to the circumstances of the offense he committed that it shocks the moral sense of the community. We thus conclude that defendant's four-year sentence is not unconstitutional under the first test of the proportionate-penalties clause.

### C. Defendant's Claim That the Offense of Child Pornography Violates the Third Proportionate-Penalties Test

■ Defendant also argues that the offense of child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 2002)) violates the proportionate-penalties clause when compared to the offense of sexual exploitation of a child (720 ILCS 5/11—9.1(a—5) (West 2002)). Specifically, he contends that the two offenses are identical but have different sentences, in violation of the third test of the proportionate-penalties clause. We disagree.

As earlier stated, under the third test of the proportionate-penalties clause, a violation occurs "where offenses with identical elements are given different sentences." *Huddleston,* 212 Ill. 2d at 130, 816 N.E.2d at 336.

Pursuant to subsection (a)(1)(vii) of the child-pornography statute, a person commits that offense if that person photographs any child, whom he knows or reasonably should know to be under 18 years of age, depicted or portrayed in any pose, posture, or setting involving a lewd exhibition of the unclothed genitals, pubic area, or buttocks. 720 ILCS 5/11—20.1(a)(1)(vii) (West 2002). The offense is a Class 1 felony with a mandatory minimum fine of $2,000 and is subject to a mandatory minimum sentence of four years in prison, without the possibility of probation. 720 ILCS 5/11—20.1(c) (West 2002); 730 ILCS 5/5—5—3(c)(2)(P) (West 2002).

Pursuant to subsection (a—5) of the sexual-exploitation-of-a-child statute, a person commits that offense if that person knowingly entices, coerces, or persuades a child under 17 years of age to remove her clothing for the purpose of sexual arousal or gratification of the person, or child, or both. 720 ILCS 5/11—9.1(a—5) (West 2002). The offense is a Class A misdemeanor and is subject to a potential maximum sentence of one year in prison. 720 ILCS 5/11—9.1(c)(1) (West 2002); 730 ILCS 5/5—8—3(a)(1) (West 2002).

As defendant concedes, one clear difference exists between the two offenses—namely, the offense of sexual exploitation of a child does not contain *any* requirement that the offender take photographs of the

victim. Accordingly, because the offenses of child pornography and sexual exploitation of a child—as defined by our legislature—are not identical, we conclude that the proportionate-penalties clause was not violated. We thus further conclude that defendant's four-year prison sentence is not unconstitutional under the third test of the proportionate-penalties clause.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.