2023 IL App (2d) 210690
No. 2-21-0690
Opinion filed January 23, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-578 |
| KOREM M. JOHANSON, | ) ) | Honorable Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant, Korem M. Johanson, was convicted of predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2018)). Before sentencing, he moved the court to sentence him for aggravated criminal sexual abuse (*id.* § 11-1.60), a Class 2 felony (*id.* § 11-1.60(g)), instead of predatory criminal sexual assault of a child. Defendant argued that sentencing him as a Class X offender for predatory criminal sexual assault of a child violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because predatory criminal sexual assault of a child and aggravated criminal sexual abuse have identical elements but the punishment for predatory criminal sexual assault of a child is more severe. The trial court denied the motion and sentenced defendant to 16 years'

imprisonment for the Class X felony of predatory criminal sexual assault of a child. Defendant timely appeals. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     The State charged defendant with five offenses related to the sexual abuse and assault of his two children. Defendant was found guilty of only one count, concerning his daughter, A.J. That count provided:

> "That between the dates of July 1, 2019 and July 22, 2019, *** defendant committed the offense of predatory criminal sexual assault, in that the said defendant, who was seventeen years of age or older, knowingly committed an act of contact with A.J. *** who was under thirteen years of age when the act was committed, in that defendant caused [his] sex organ (penis) to make contact with the hand of A.J. for the purpose of the defendant's sexual gratification or arousal."

¶ 4     After the trial court found defendant guilty, he moved the court to sentence him for aggravated criminal sexual abuse,[1] a Class 2 felony, instead of predatory criminal sexual assault

---

[1]Section 11-1.60 of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.60 (West 2018)) sets out several forms of aggravated criminal sexual abuse. In his motion to be sentenced for aggravated criminal sexual abuse, defendant cited section 11-1.60(b) of the Code (*id.* § 11-1.60(b)), which prohibits an act of "sexual conduct" with a victim who is under 18 years of age and is a member of the defendant's family. However, defendant's proportionate-penalties argument on appeal relies on section 11-1.60(c)(1)(i) of the Code (*id.* § 11-1.60(c)(1)(i)), which prohibits a person 17 years old or older from engaging in "sexual conduct" with a person under 13 years of age. Notably, the State takes no issue with this disparity.

of a child, a Class X felony. Defendant argued that "the proportionate penalties clause is violated as the conduct [he] was found guilty of having committed forms the basis for the violation of two different offenses with identical elements yet vastly different sentences." The State replied, arguing only that all dispositions imposed by a court in a criminal case must be authorized by law.

¶ 5 Following a hearing, the trial court denied the motion, finding that predatory criminal sexual assault of a child and aggravated criminal sexual abuse "do not have identical elements." The court elaborated:

"Predatory criminal sexual assault requires an act of contact, however slight. For example, an accused could rub his penis on the back of the victim, and if he did so for sexual gratification or arousal, he could be found guilty of predatory criminal sexual assault. The contact must, however, involve the sex organ or anus. Aggravated criminal sexual abuse requires an act of sexual conduct, not any contact. There must be a knowing touching or fondling.

Regarding a child under 13, the touching or fondling does not have to involve the sex organ, anus or breast. For example, massaging a naked child under the age of 13 for sexual gratification can be aggravated criminal sexual abuse.

The two offenses, while similar, are not identical and evidence the intent of the legislature to punish more severely contact that involves the sex organ or anus of the victim or the accused. As noted, this is an identical elements test. It is not driven by the consideration of the facts specific to a given case, and it is not sufficient that there is substantial similarity. There must be identical elements."

¶ 6 Subsequently, the court sentenced defendant to 16 years' imprisonment for predatory criminal sexual assault of a child. This timely appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8     Defendant argues that his 16-year sentence for predatory criminal sexual assault of a child violates the proportionate-penalties clause of the Illinois Constitution. We review *de novo* that issue. See *People v. Charleston*, 2018 IL App (1st) 161323, ¶ 33.

¶ 9     "The proportionate penalties clause of the Illinois Constitution provides that '[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' " *People v. Brooks*, 2022 IL App (3d) 190761, ¶ 11 (quoting Ill. Const. 1970, art. I, § 11).

> "Criminal sentences may be found unconstitutionally disproportionate where: (1) the punishment is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that results in a less serious threat to the public health and safety is punished more severely; and (3) identical offenses are given different sentences." *Id*.

¶ 10    Defendant bases his argument on the third scenario—when identical offenses result in different sentences. He contends that predatory criminal sexual assault of a child, a Class X felony, and aggravated criminal sexual abuse, a Class 2 felony, have identical elements but different sentences. " '[A]n identical elements proportionality violation arises out of the relationship between two statutes—the challenged statute, and the comparison statute with which the challenged statute is out of proportion.' " *Id.* (quoting *People v. Blair*, 2013 IL 114122, ¶ 32). "If the two compared statutes exhibit identical elements, but result in different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense and is unconstitutionally disproportionate." *Id.*

¶ 11    With these principles in mind, we turn to the two statutes defendant compares in this appeal. The statute he challenges is section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2018) (predatory-criminal-sexual-assault statute). The statute he uses for comparison is section 11-1.60(c)(1)(i) of the Code (*id.* § 11-1.60(c)(1)(i)) (aggravated criminal sexual abuse statute).

¶ 12    Defendants convicted of predatory criminal sexual assault of a child are sentenced, as Class X offenders, to prison sentences between 6 and 60 years. *Id.* § 11-1.40(b)(1). Defendants convicted of aggravated criminal sexual abuse, a Class 2 felony, face prison sentences between three and seven years. 730 ILCS 5/5-4.5-35(a) (West 2018). Clearly, the sentences imposed for these two offenses are disparate, with defendants convicted of predatory criminal sexual assault of a child facing more severe punishments. Accordingly, if the elements of these two offenses are identical, sentencing defendant for predatory criminal sexual assault of a child instead of aggravated criminal sexual abuse violated the proportionate-penalties clause.

¶ 13    To make our comparison, we must set forth the elements of each statute. The predatory-criminal-sexual-assault-of -a-child statute provides:

> "(a) A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused *** and:

> > (1) the victim is under 13 years of age[.]" 720 ILCS 5/11-1.40(a)(1) (West 2018).

"Contact," as used in the predatory-criminal-sexual-assault-of-a-child statute, means any touching. *People v. Kitch*, 2019 IL App (3d) 170522, ¶ 51.

¶ 14    The aggravated-criminal-sexual-abuse statute provides:

> "(c) A person commits aggravated criminal sexual abuse if:
>
>> (1) that person is 17 years of age or over and: (i) commits an act of sexual conduct with a victim who is under 13 years of age[.]" 720 ILCS contain.60(c)(1)(i) (West 2018).

"Sexual conduct," as used in the aggravated-criminal-sexual-abuse statute, is:

> "[A]ny knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, *or any part of the body of a child under 13 years of age*, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused." (Emphasis added.) *Id.* § 11-0.1.

¶ 15    Deciding whether predatory criminal sexual assault of a child and aggravated criminal sexual abuse share the same elements mandates that we construe the definition of "sexual conduct." In doing so, we are guided by the well-settled rules of statutory construction. *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 26. "Our primary and overriding concern is to ascertain and give effect to the intent of the legislature." *Id.* ¶ 27. "Legislative intent is best determined from the language of the statute itself, which if unambiguous should be enforced as written." *Id.* "In giving effect to the statutory intent, the court should consider, in addition to the statutory language, the reason for the law, the problems to be remedied, and the objects and purposes sought." *Id.* "It is also true that statutes must be construed to avoid absurd results." *Id.* "When a proffered reading of a statute leads to absurd results or results that the legislature could

not have intended, courts are not bound to that construction, and the reading leading to absurdity should be rejected." *Id.*

¶ 16    The only word in section 11-0.1. that needs interpretation to resolve this appeal is "or." "Or" is a disjunctive conjunction indicating an alternative between two or more options. Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/or (last visited Jan. 3, 2023) [https://perma.cc/WU6D-VXBF]. " 'Generally, use of the disjunctive *** requires separate treatment of those alternatives, hence a clause *following* a disjunctive is considered inapplicable to the subject matter of the *preceding* clause.' " (Emphases in original.) *In re E.B.*, 231 Ill. 2d 459, 468 (2008) (quoting *Tietema v. State*, 926 P.2d 952, 954 (Wyo. 1996)).

¶ 17    "Or" is used here with preceding serial commas. "The serial comma [is the comma that] separates items, including the last from the next to last, in a list of more than two." (Internal quotation marks omitted.) *Hatcher v. Hatcher*, 2020 IL App (3d) 180096, ¶ 18. These commas, like the statutory terms, must " 'be considered and given weight unless from inspection of the whole act it is apparent [they] must be disregarded in order to arrive at the intention of the legislature.' " (Emphasis omitted.) *In re D.F.*, 208 Ill. 2d 223, 234 (2003) (quoting *Illinois Bell Telephone Co. v. Ames*, 364 Ill. 362, 368 (1936)).

¶ 18    In defining "sexual conduct," the legislature used "or" with a preceding serial comma three times. First, the legislature used the combination to separate items in a list—specifically, "sex organs, anus, or breast," *i.e.*, three different body parts. The knowing touching of any of these for sexual gratification or arousal constitutes "sexual conduct." Second, "or" and a serial comma separate two clauses: (1) the clause providing that "sexual conduct" constitutes the knowing touching of the "sex organs, anus, or breast" for purposes of sexual gratification or arousal from (2) the clause indicating that "sexual conduct" also occurs when, for sexual gratification or arousal,

there is a knowing touching of "any part of the body of a child under 13 years of age." If we were to conclude that "sex organs, anus, or breast" in the first clause modified "any part of the body of a child under 13" in the second clause, we would be ignoring "or" and the serial comma separating the clauses. Moreover, we would render the legislature's inclusion of "any part of the body" meaningless and frustrate the legislature's intent to punish those who touch *any part* of a child's body for sexual gratification or arousal. Under that reading, knowingly touching the "sex organs, anus, or breast" of anyone, regardless of age, would constitute "sexual conduct" as well as the knowing touching of any part of the body of a child under 13. This would conflate the two clauses, with clause one effectively subsuming clause two, and override the legislature's intent to criminalize touching any part of the body of a victim under 13. We simply cannot construe the statute this way. *In re Julie M.*, 2021 IL 125768, ¶ 27 ("No part of a statute should be rendered meaningless or superfluous."). The third and final use of "or" and a serial comma is to separate the first and second clauses from the clause indicating the last circumstance where "sexual conduct" occurs. Specifically, in addition to the circumstances indicated in the first two clauses, "sexual conduct" occurs when, for sexual gratification or arousal, there is "any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim." 720 ILCS 5/11-0.1 (West 2018). Thus, put more simply, "sexual conduct" occurs when, for the purpose of sexual gratification or arousal of the defendant or the victim, there is (1) knowing touching or fondling of the victim's or the defendant's sex organs, anus, or breast, *or* (2) knowing touching or fondling of any part of the body of a child under age 13, *or* (3) "any transfer or

transmission of semen by the accused upon any part of the clothed or unclothed body of the victim[.]"[2] *Id.*

¶ 19     Aiding our conclusion that "sexual conduct" occurs in these three distinct ways is that "sexual conduct" applies to some offenses that have nothing to do with the age of the victim or the defendant. See, *e.g.*, *id.* § 11-1.50(a)(1) (criminal sexual abuse occurs when the defendant "commits an act of sexual conduct by the use of force or threat of force"); *id.* § 11-9.2(a)(1) (custodial sexual misconduct committed when the defendant "is an employee of a penal system and engages in sexual conduct or sexual penetration with a person who is in the custody of that penal system"); *id.* § 11-9.5(b)(1) (sexual misconduct with a disabled person committed when the defendant "is an employee and knowingly engages in sexual conduct or sexual penetration with a person with a disability who is under the care and custody of the Department of Human Services at a State-operated facility"). With these offenses, in contrast to predatory criminal sexual assault of a child, "sexual conduct" is committed when, for the purpose of sexual gratification or arousal, there is a knowing (1) touching of the defendant's or the adult victim's sex organs, anus, or breast or (2) transfer of semen by the defendant upon any part of the adult victim's body. Thus, these offenses involve two of the ways outlined above in which "sexual conduct" occurs. The offense of which defendant was convicted, predatory criminal sexual assault of a child, concerns "contact,

---

[2]We do not construe whether "either directly or through clothing" applies to both the first and second clauses describing "sexual conduct." Construing the application of that term is not relevant to this appeal and would, thus, constitute *dicta*. See *People v. Kovacs*, 135 Ill. App. 3d 448, 450-51 (1985) (refusing to rely on *dicta* because, at best, it provided only superficial support to the defendant's argument).

however slight, between the sex organ or anus of one person and the part of the body of another," where the victim is under 13 years of age. *Id.* § 11-1.40(a)(1). While the aggravated-criminal-sexual-abuse statute likewise provides that the victim is under 13, "sexual conduct" is much broader than the conduct prohibited in the predatory-criminal-sexual-assault statute. For instance, when the victim is under 13, "sexual conduct" need not involve the sex organs, anus, or breast but, rather, includes the touching (for sexual gratification or arousal) of *any* part of the victim's body. The fact that "sexual conduct" occurs in three distinct ways necessarily means that predatory criminal sexual assault of a child and aggravated criminal sexual abuse do not have identical elements.

¶ 20   Defendant suggests that, because the conduct at issue here "constitute[d] both predatory criminal sexual assault of a child and aggravated criminal sexual abuse," a proportionate-penalties violation arose. We disagree. As the court in *Brooks* observed, a person convicted of striking a police officer with his hand (aggravated battery) could also have been convicted of simple battery. *Brooks*, 2022 IL App (3d) 190761, ¶ 20. However, a defendant who strikes his friend with his hand (simple battery) cannot automatically be convicted of aggravated battery in the absence of an aggravating factor. *Id.* Likewise, the touching of a defendant's penis by a child under 13 for the purpose of the defendant's sexual gratification or arousal—as happened here—constitutes both predatory criminal sexual assault of a child and the lesser included offense of aggravated criminal sexual abuse. However, not all conduct that constitutes aggravated criminal sexual abuse also constitutes predatory criminal sexual assault of a child. For example, a defendant who massages the back of a naked six-year-old for purposes of sexual gratification can be convicted of aggravated criminal sexual abuse, but, without an allegation that the touching concerned a sex organ or anus, the defendant cannot also be convicted of predatory criminal sexual assault of a child.

¶ 21 Supporting our position is *People v. Williams*, 2015 IL 117470. There, our supreme court assessed whether (1) aggravated unlawful use of a weapon, a Class 4 felony (720 ILCS 5/24-1.6(a)(1), (a)(2), (a)(3)(C) (West 2012))[3], and (2) a violation of section 2(a)(1) of the Firearm Owner's Identification Card Act (FOID Card Act), a Class A misdemeanor (430 ILCS 65/2(a)(1) (West 2012)), shared the same elements but different sentences, in violation of the proportionate-penalties clause. *Williams*, 2015 IL 117470, ¶¶ 12-14. The court determined that there was no proportionate-penalties clause violation, because aggravated unlawful use of a weapon required proof that the defendant possessed a firearm outside of his home, while section 2(a)(1) of the FOID Card Act did not have a location requirement. *Id.* ¶ 14. In reaching that conclusion, the court observed that an individual could violate the two statutes simultaneously under certain circumstances but that "this [was] not always true." *Id.* ¶ 18. For example, "a person [could] violate the FOID Card Act by possessing a firearm in his home without also having in his possession a FOID card, whereas such conduct would not violate the [aggravated-unlawful-use-of-a-weapon] statute." *Id.*

¶ 22 The same is true of predatory criminal sexual assault of a child and aggravated criminal sexual abuse. Like the location requirement in the aggravated-unlawful-use-of-a-weapon statute in *Williams*, the predatory-criminal-sexual-assault-of-a-child statute requires more than the aggravated-criminal-sexual-abuse statute. Predatory criminal sexual assault of a child requires proof of a knowing touching of a sex organ or anus for sexual gratification or arousal when the

---

[3]This version of the aggravated-unlawful-use-of-a-weapon statute was found unconstitutional in *People v. Aguilar*, 2013 IL 112116, ¶¶ 21-22, and amended by Public Act 98-63 (eff. Jul 9, 2013) (amending 720 ILCS 5/24-1.6).

victim is under 13, whereas aggravated criminal sexual abuse does not require knowing touching of such specific areas when the victim is under 13. Rather, touching *any part* of the body of a victim under 13 for sexual gratification or arousal constitutes aggravated criminal sexual abuse.

¶ 23    This difference makes clear that the legislature created the offenses of predatory criminal sexual assault of a child and aggravated criminal sexual abuse for similar, albeit different, reasons. Presumably because of an increase in sexual assaults against children where the sex organs or anus are involved, the legislature found a need to punish more severely defendants who commit predatory criminal sexual assault of a child than defendants who touch more innocuous parts of a child's body for sexual gratification or arousal. Nothing about this was improper. *People v. Coty*, 2020 IL 123972, ¶ 24 (noting that the legislature may enact more severe penalties for certain crimes to halt the increase of certain crimes).

¶ 24    Defendant argues that, as applied to him, the predatory-criminal-sexual-assault-of a-child statute and the aggravated-criminal-sexual-abuse statute violate the proportionate-penalties clause. Although cited by neither party, there is support for defendant's position. In *People v. Deckard*, 2020 IL App (4th) 170781-U, ¶ 72, the defendant argued that his two convictions of predatory criminal sexual assault of a child violated the proportionate-penalties clause because those offenses, as charged, had the same elements as aggravated criminal sexual abuse. The appellate court agreed, observing that the counts charging the defendant with predatory criminal sexual assault of a child alleged that the defendant " 'patted the sex organ of [his girlfriend's six- or seven-year-old granddaughter] with his hand for the purpose of sexual gratification or arousal of the defendant.' " *Id.* ¶¶ 2, 38, 75. The court determined that "this conduct, as alleged, also [met] the elements of aggravated criminal sexual abuse." *Id.* ¶ 75. That is, predatory criminal sexual assault of a child, as charged, required—as would a charge of aggravated criminal sexual abuse based on

the same allegations—that the touching of the granddaughter's sex organ was for the defendant's sexual gratification or arousal. See *id.*

¶ 25 We believe that *Deckard* was wrongly decided. How and where the granddaughter was touched was irrelevant in deciding whether the proportionate-penalties clause was violated under the identical-elements test. Instead, comparing the elements of both statutes, irrespective of how the defendant committed predatory criminal sexual assault of a child, was all that mattered.

¶ 26 *Williams* is again instructive. There, the defendant argued that the aggravated-unlawful use-of-a-weapon statute violated the proportionate-penalties clause as applied to him, because (1) his being armed with a firearm on a public street while lacking a valid FOID card violated both the aggravated-unlawful-use-of-a-weapon statute and the FOID Card Act and (2) the statutes prescribed disparate penalties. *Williams*, 2015 IL 117470, ¶¶ 3, 19. Our supreme court disagreed, noting that "a proportionate penalty analysis under the identical elements test is not a subjective determination." *Id.* ¶ 19. Rather, "[i]t is an objective and logic-based test" that "compares the elements of two offenses to determine if the offenses are the same." (Internal quotation marks omitted.) *Id.* "This objective test does not consider the offenses as applied to an individual defendant." *Id.*

¶ 27 Here, admittedly, what the State alleged in the count of which defendant was found guilty satisfied the elements of both predatory criminal sexual assault of a child and aggravated criminal sexual abuse. However, as in *Williams* and unlike in *Deckard*, it is irrelevant what was alleged in that count. Under the identical-elements test, all that matters is whether, when comparing the elements of the offenses as the legislature enacted them, the two statutes are revealed to contain the same elements but provide for disparate sentences. The elements of predatory criminal sexual

assault of a child and aggravated criminal sexual abuse are not the same. Thus, the disparate sentences for the two offenses are proper.

¶ 28 In reaching our conclusion, we find misplaced defendant's reliance on *People v. Hernandez*, 2016 IL 118672, and *People v. Ligon*, 2016 IL 118023. Citing these cases, defendant argues that "courts must necessarily consider the facts alleged in a case." Although both cases discussed the specific weapons with which the defendants were armed, our supreme court did not do so in determining whether the charges of armed robbery with a dangerous weapon (*Hernandez*) and aggravated vehicular hijacking while armed with a dangerous weapon other than a firearm (*Ligon*) violated the proportionate-penalties clause in that these offenses had the same elements as armed violence with a Category III weapon but different sentences. See *Hernandez*, 2016 IL 118672, ¶ 16; *Ligon*, 2016 IL 118023, ¶ 25. Rather, our supreme court objectively compared the elements of the applicable statutes to assess whether a proportionate-penalties violation occurred under the identical-elements test. See *Hernandez*, 2016 IL 118672, ¶ 16 ("[T]he elements of armed robbery, which require, *inter alia*, proof that [the] defendant was 'armed with a dangerous weapon' *** [citation] are not identical to the elements of armed violence, which require, *inter alia*, proof that [the] defendant committed a qualifying felony while armed with a Category III weapon *** [citation]." (Emphasis omitted.)); *Ligon*, 2016 IL 118023, ¶ 25 ("[T]he elements of [aggravated vehicular hijacking while armed with a dangerous weapon other than a firearm], which require, *inter alia*, proof that [the] defendant was 'armed with a dangerous weapon, other than a firearm' *** [citation] are not identical to the elements of armed violence, which require, *inter alia*, proof that [the] defendant committed a qualifying felony while armed with a category III weapon *** [citations]." (Emphasis omitted.)).

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 31    Affirmed.

---

*People v. Johanson*, **2023 IL App (2d) 210690**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 19-CF-578; the Hon. Michael E. Coppedge, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Vicki P. Kouros, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Patrick D. Kenneally, State's Attorney, of Woodstock (Patrick Delfino, Edward R. Psenicka, Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---