2023 IL App (2d) 220267-U
No. 2-22-0267
Order filed May 24, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-1189 |
| D.K., | ) ) ) | Honorable David Paul Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in rejecting defendant's posttrial proportionate penalties challenge.  Affirmed.

¶ 2                                I.  BACKGROUND

¶ 3    In August 2020, defendant was charged with 18 identical counts of predatory criminal sexual assault of a child.  The State alleged that, on or about January 1, 2016, through June 30, 2017, defendant's hand made contact with the sex organ of A.K., his daughter (a minor under 13 years old), for the purpose of sexual gratification or arousal of A.K. or defendant (a person 17 years of age or over).  After a jury trial, defendant, D.K., was found guilty of eight counts of

predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2020)).

¶ 4       In a posttrial motion, defendant raised a proportionate penalties challenge (Ill. Const. 1970, art. I, § 11), asserting that the conduct alleged in the indictment amounted to both Class X felony predatory criminal sexual assault of a child and Class 2 felony aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1), (g) (West 2020)) and that the crimes have identical elements but that the punishment for the former crime is more severe than the punishment for the latter one. The trial court denied defendant's motion, finding that the constitutionality of the statute had been litigated elsewhere and it was upheld.

¶ 5       The court sentenced defendant to eight consecutive terms of seven years' imprisonment, to be served at 85%. Subsequently, the court denied defendant's postsentencing motion. Defendant appeals.

¶ 6                                   II. ANALYSIS

¶ 7       Defendant argues that his sentences violated the Illinois Constitution's proportionate penalties clause and, as a result, this court must reduce his convictions to aggravated criminal sexual abuse and remand for resentencing within the applicable statutory range. He notes that the sentencing range for the relevant predatory-criminal-sexual-assault statute is 6 to 60 years' imprisonment (720 ILCS 5/11-1.40(b)(1) (West 2020)), whereas the sentence for aggravated criminal sexual abuse is 3 to 7 years' imprisonment (720 ILCS 5/11-1.60(c)(1), (g) (West 2020); 730 ILCS 5/5-4.5-35(a) (West 2020)). Defendant asserts that, because the two offenses have identical elements and disproportionate penalties, his convictions should be reduced to aggravated criminal sexual abuse and the case be remanded for resentencing. For the following reasons, we reject defendant's argument.

¶ 8 Statutes are presumed constitutional, and a party challenging a statute bears the burden of demonstrating its invalidity. *People v. Graves*, 207 Ill. 2d 478, 482 (2003). Whether a statute is constitutional is a question of law we review *de novo*. *Id.*

> "A proportionality challenge derives from article I, section 11, of the Illinois Constitution of 1970. Section 11, which is commonly referred to as the proportionate penalties clause, provides that '[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' Ill. Const. 1970, art. I, § 11. A defendant can raise a proportionate penalties challenge on the basis that the penalty for a particular offense is too severe under the 'cruel or degrading' standard or that the penalty is harsher than the penalty for a different offense that contains identical elements. *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005). The latter challenge, which is at issue here, is evaluated using the identical elements test. *Graves*, 207 Ill. 2d at 482. The identical elements test considers whether offenses with identical elements are given different sentences. *Id.*" *People v. Williams*, 2015 IL 117470, ¶ 9.

¶ 9 Under the identical elements test, if offenses have identical elements but different sentences, the penalties are unconstitutionally disproportionate and the offense with the greater penalty cannot stand. *Id.* (discussing *People v. Christy*, 139 Ill. 2d 172, 181 (1990), and subsequent case law reaffirming application of test). "[A] proportionate penalty analysis under the identical elements test is not a subjective determination," but is objective and "simply compares the elements of the two offenses to determine if the offenses are the same. This objective test does not consider the offenses as applied to an individual defendant." *Id.* ¶ 19.

¶ 10 We begin by comparing the statutes. The predatory-criminal-sexual-assault-of-a-child statute provides:

"(a) A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused or an act of sexual penetration, and:

(1) the victim is under 13 years of age[.]"  720 ILCS 5/11-1.40(a)(1) (West 2020).

As used in the statute, courts have construct "contact" to mean any touching.  *People v. Johnson*, 2023 IL App (4th) 220201, ¶ 24.

¶ 11    The aggravated-criminal-sexual-abuse statute provides:

"(c) A person commits aggravated criminal sexual abuse if:

(1) that person is

(2)  17 years of age or over and: (i) commits an act of sexual conduct with a victim who is under 13 years of age[.]"  720 ILCS 5/11-1.60(c)(1) (West 2020).

¶ 12    "Sexual conduct" means:

"any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused."  720 ILCS 5/11-0.1 (West 2020).

In *People v. Johanson*, 2023 IL App (2d) 210690, ¶ 18, this court analyzed the grammatical structure of this definition and determined that sexual conduct occurs when, for purposes of sexual gratification or arousal of the defendant or the victim, there is (1) knowing touching or fondling of the victim's or the defendant's sex organs, anus, or breast, or (2) knowing touching or fondling of

any part of the body of a child under age 13, or (3) any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim. *Id.* Thus, sexual conduct, this court concluded, occurs in some cases without consideration of the age of the victim or the defendant. *Id.* ¶ 19.

¶ 13    In contrast, predatory criminal sexual assault of a child involves only victims under 13 years of age. 720 ILCS 5/11-1.40(a) (West 2020). Further, the conduct proscribed is (1*) an act of contact between the sex organ or anus of one person and the part of the body of another* for the purpose of sexual gratification or arousal of the victim or the accused; or (2) an act of sexual penetration. (Emphasis added.) *Id.* In contrast, "sexual conduct" in aggravated criminal sexual abuse is defined more broadly when the victim is under age 13, specifically, it includes a knowing touching or fondling of "*any part of the body* of a child under 13 years of age." (Emphasis added.) 720 ILCS 5/11-0.1 (West 2020).

¶ 14    Here, defendant points to *People v. Deckard*, 2020 IL App (4th) 170781-U, ¶¶ 71-77, wherein the Fourth District, in an unpublished decision, determined there was a proportionate penalties violation when it compared predatory criminal sexual assault of a child to aggravated criminal sexual abuse. In that case, the defendant had argued that his two convictions for predatory criminal sexual assault of a child violated the proportionate penalties clause because those offenses, *as charged*, had the same elements as criminal sexual abuse. *Id.* ¶¶ 72, 75.

¶ 15    However, in addressing the same issue before us in this case, this court rejected *Deckard* as being wrongly decided because it did not look at the elements of both statutes but looked at how the defendant committed the crime. *Johanson*, 2023 IL App (2d) 210690, ¶¶ 19-27. We noted that the supreme court has instructed that a proportionate penalties analysis under the identical elements test was an objective test, not a subjective one, and that the objective test " 'does not

consider the offenses as applied to an individual defendant.' " *Id.* ¶ 26 (quoting *Williams*, 2015 IL 11740, ¶ 19). Thus, what was *charged* in the count of which the defendant was found guilty, even if it satisfied the elements of both offenses, was irrelevant. *Id.* ¶ 27.

> "Under the identical elements test, all that matters is whether, when comparing the elements of the offenses as the legislature enacted them, the two statutes are revealed to contain the same elements but provide for disparate sentences. The elements of predatory criminal sexual assault of a child and aggravated criminal sexual abuse are not the same. Thus, the disparate sentences for the two offenses are proper." *Id.*

¶ 16 This court rejected the defendant's argument that there was a proportionate penalties violation because the conduct at issue constituted both offenses. *Id.* ¶ 20. We noted that not all conduct that constitutes aggravated criminal sexual abuse also constitutes predatory criminal sexual assault of a child. *Id.* The latter offense requires proof of a knowing touching of a sex organ or anus for sexual gratification or arousal when the victim is under age 13, whereas the former offense does not require know touching of specific areas when the victim is under 13. *Id.* ¶ 22. "Rather, touching *any part* of the body of a victim under 13 for sexual gratification or arousal constitutes aggravated criminal sexual abuse." *Id.*

¶ 17 Defendant asks us to reconsider *Johansen*, asserting first that the fact that sexual conduct for aggravated criminal sexual abuse is more broadly defined compared to the more specific contact required for predatory criminal sexual assault of a child does not automatically defeat a proportionate penalties challenge under the identical elements test and that the proper focus is on whether one offense is punished less severely than identical conduct when charged as another offense. See *People v. Clemons*, 2012 IL 107821, ¶ 23 ("the identical elements test has never required that the two offenses be equally specific"). We find this argument unavailing. In

*Williams*, the court distinguished *Clemons*, noting that it involved statutes that used different words that meant the same thing. *Williams*, 2015 IL 117470, ¶ 17. Here, the terms "contact" and "sexual conduct" do not mean the same thing.

¶ 18    Similarly, defendant further argues that, in *Johansen*, this court confused the methods of committing the offenses with the elements of the offenses and failed to confine its test to the elements pertinent to the *Johansen* defendant's case. See *People v. Graves*, 207 Ill. 2d 478, 484-85 (2003) ("setting forth identical *offenses* is not synonymous with setting forth identical *elements*[.] *** That a single offense of theft may be *performed* in an number of ways necessarily requires that the single offense of theft be *defined* in a number of ways.") (emphases in original). He also argues that this court ignored that there are factual instances, as in this case, where both offenses require a knowing touching of a specific area even when the victim is under age 13. Defendant also contends that *Williams'* instruction that the identical elements analysis be objective does not apply because we need only compare the elements of the offenses "as alleged," and, here, and the inescapable conclusion is that they are identical (and noting that the State agreed that the acts charged here meet the elements of both offenses).

¶ 19    We reject defendant's arguments. In *Williams*, the supreme court noted that, although an individual could simultaneously violate both statutes at issue, "this is not always true." *Williams* 2015 IL 117470, ¶ 18 (rejecting the defendant's argument that FOID card statute and aggravated unlawful-use-of-a-weapon statute had identical elements because a person possessing a firearm while not possessing a valid FOID card violated both statutes; further noting that a person can violate the FOID card statute by possessing a firearm in his or her home without also having a FOID card, but such conduct would not violate the aggravated unlawful use of a weapon statute, which requires proof of the additional element that the person be outside of his or her home or on

the public way); see also *Johanson*, 2023 IL App (2d) 210690, ¶ 20-22; *People v. Parker*, 277 Ill. App. 3d 585, 591 (1996) (where permitting an unlawful use of a building applies to buildings used for unlawful manufacturing or delivering of a controlled substance, the offense of maintaining a public nuisance is broader and incorporates offenses beyond unlawful manufacturing or delivering, such as possession of a controlled substance, prostitution, kidnapping and gambling; although an individual charged with permitting unlawful use of a building could also be charged with maintaining a public nuisance, "the opposite is not always true"; statutes are not identical and there is no proportionate penalties violation). Also, to the extent that defendant essentially asks us to compare the elements as "alleged" or "charged" against him, such a subjective analysis is incorrect when assessing a proportionate penalties challenge under the identical elements test. *Johanson*, 2023 IL App (2d) 210690, ¶¶ 25-27.

¶ 20    Finally, we observe that the Fourth District has distinguished *Deckard*. Recently, in *People v. Melvin*, 2023 IL App (4th) 220385, ¶¶ 30-31, the Fourth District, in a published opinion, addressed *Deckard* and *Johansen* and held that the defendant could not bring an as-applied constitutional challenge to a penalty under the identical elements test. In distinguishing *Deckard*, the court noted that *Deckard* did not address *Williams*, was unpublished and not precedential, and the defendant did not clearly identify what type of proportionate penalties challenge he was raising (*i.e.*, as-applied versus facial challenge). *Id.* ¶ 30. Notably, the court also stated that, to the extent *Deckard* suggests that a defendant can raise an as-applied proportionate penalties challenge under the identical elements test, *Williams* precludes it. *Id.*

¶ 21    In summary, the trial court did not err in rejecting defendant's proportionate penalties challenge.

¶ 22                                   III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.