2023 IL App (1st) 220958-U

No. 1-22-0958

Order filed September 1, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 CR 6125 |
| | ) | |
| ROSALIO GALLEGOS-MORENO, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Delort and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the offenses of predatory criminal sexual assault of a child and aggravated criminal sexual abuse do not contain identical elements, defendant's six-year sentence on Count 1 for predatory criminal sexual assault of a child does not violate the proportionate penalties clause of the Illinois Constitution.

¶ 2    Following a jury trial, defendant Rosalio Gallegos-Moreno was found guilty of two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse. After the trial court merged defendant's aggravated criminal sexual abuse conviction into one of

his convictions for predatory criminal sexual assault of a child, the court sentenced him to 6 years' imprisonment on both counts of predatory criminal sexual assault of a child, which by law had to be served consecutively, for a total of 12 years' imprisonment. On appeal, defendant contends that his six-year sentence on Count 1 for predatory criminal sexual assault of a child violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because it contains identical elements to the offense of aggravated criminal sexual abuse. For the reasons that follow, we affirm defendant's sentence.

¶ 3                                    I. BACKGROUND

¶ 4      A grand jury indicted defendant with several offenses related to his conduct toward V.H., a minor under 13 years old. Only Count 1 is relevant to this appeal. That count alleged that defendant committed the offense of predatory criminal sexual assault of a child in that he was at least 17 years old and knowingly made contact between his penis and V.H.'s hand for the purpose of his or V.H.'s sexual gratification when V.H. was younger than 13 years old. The State proceeded to trial against defendant on three counts: Count 1, Count 2, which also alleged that defendant committed predatory criminal sexual assault of a child, and Count 11, which alleged that defendant committed aggravated criminal sexual abuse. Following a jury trial, defendant was found guilty on all three counts. The trial court merged Count 11 into Count 1, and sentenced defendant to 6 years' imprisonment on both Count 1 and Count 2, Class X felonies that by law had to be served consecutively, for a total of 12 years' imprisonment. Defendant did not file a postsentencing motion and subsequently appealed.

¶ 5                                    II. ANALYSIS

¶ 6      Defendant contends that his Class X felony sentence on Count 1 for predatory criminal sexual assault of a child violates the proportionate penalties clause of the Illinois Constitution (Ill.

Const. 1970, art. I, § 11) because the offense, as alleged in his indictment, contains identical elements as the offense of aggravated criminal sexual abuse, which is penalized less severely as a Class 2 felony.

¶ 7    The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined *** according to the seriousness of the offense." *Id.* As relevant here, a sentence can violate the proportionate penalties clause "if it is greater than the sentence for an offense with identical elements." *People v. Ligon*, 2016 IL 118023, ¶ 10. The overarching inquiry in a challenge pursuant to this clause is whether our legislature set a sentence commensurate with the seriousness of the offense. *People v. Guevara*, 216 Ill. 2d 533, 543 (2005). "If the legislature determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense." *People v. Sharpe*, 216 Ill. 2d 481, 522 (2005).

¶ 8    "[A]n identical elements proportionality violation arises out of the relationship between two statutes—the challenged statute, and the comparison statute with which the challenged statute is out of proportion." *People v. Blair*, 2013 IL 114122, ¶ 32. When determining whether two offenses share identical elements, we use the aptly named identical elements test. *People v. Sroga*, 2022 IL 126978, ¶ 12. The test is objective (*People v. Clemons*, 2012 IL 107821, ¶ 46), and it "does not consider the offenses as applied to an individual defendant." *People v. Williams*, 2015 IL 117470, ¶ 19. The identical elements test only concerns "the elements of the offenses as the legislature enacted them." *People v. Johanson*, 2023 IL App (2d) 210690, ¶ 27, *appeal allowed*, No. 129425) (Ill. May 24, 2023). If two offenses share identical elements, we must determine whether the penalties for committing the offenses are also the same. *Sroga*, 2022 IL 126978, ¶ 12. "If the penalties are not the same, the statute with the harsher penalty will be deemed to violate the

proportionate penalties clause." *Id.* The constitutionality of a statute is a question of law, which we review *de novo. Ligon*, 2016 IL 118023, ¶ 11.

¶ 9    Before addressing the merits of defendant's proportionate penalties challenge, we must determine whether he forfeited the claim of error, as the State argues, by failing to raise it in the trial court. To preserve a claim of sentencing error, the defendant must object to the issue in the trial court and raise it in a postsentencing motion. *People v. Stewart*, 2022 IL 126116, ¶ 11. Although defendant concedes he did neither, he asserts that his constitutional challenge can be raised at any time. See *People v. Bryant*, 128 Ill. 2d 448, 454 (1989) (generally, "a constitutional challenge to a statute can be raised at any time"). Because he challenges the constitutionality of the predatory criminal sexual assault of a child statute through a proportionate penalties challenge, he has not forfeited this claim of error. See *People v. Christy*, 139 Ill. 2d 172, 176 (1990).

¶ 10    But there is a second potential impediment to reviewing the merits of defendant's proportionate penalties challenge, as defendant has not clearly defined which type of constitutional challenge he brings. There are two types of constitutional challenges: an as-applied challenge and a facial challenge. *People v. Rizzo*, 2016 IL 118599, ¶ 24. "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36. Conversely, "a facial challenge requires a showing that the statute is unconstitutional under any set of facts, *i.e.*, the specific facts related to the challenging party are irrelevant." *Id.*

¶ 11    In defendant's brief, he repeatedly references the offense of predatory criminal sexual assault of a child in Count 1, *as alleged*, violating the proportionate penalties clause. Using this language, one could view his challenge as being an as-applied challenge. See *People v. Melvin*, 2023 IL App (4th) 220385, ¶ 30, *petition for leave to appeal pending*, No. 129629; *Johanson*, 2023

IL App (2d) 210690, ¶ 24. However, a defendant cannot raise an as-applied challenge under the identical elements test because the test is objective and "simply compares the elements of the two offenses to determine if [they] are the same." *Williams*, 2015 IL 117470, ¶ 19.

¶ 12    When bringing a constitutional challenge, "the party challenging the statute must clearly establish that it violates the constitution." *Sharpe*, 216 Ill. 2d at 487. It is therefore incumbent upon the challenger to make clear which type of constitutional challenge he has set forth. See *Melvin*, 2023 IL App (4th) 220385, ¶ 31 (finding where the defendant made "no argument the statute [was] unconstitutional under any set of facts," *i.e.*, a facial challenge, the court would not "address whether the sentencing scheme for predatory criminal sexual assault of a child is facially unconstitutional"). In defendant's brief, he arguably is deficient in positing the type of constitutional challenge he has set forth, as he never asserts that he is bringing a facial constitutional challenge or that the predatory criminal sexual assault of a child statute is unconstitutional under any set of facts. See *Thompson*, 2015 IL 118151, ¶ 36. However, during oral argument, defendant conceded his claim was a facial challenge, as such a challenge was the only type of constitutional challenge under the identical elements test he could bring. As such, we will address his claim.

¶ 13    With those preliminary issues resolved, we now turn to the merits of defendant's proportionate penalties challenge and compare the elements of predatory criminal sexual assault of a child and aggravated criminal sexual abuse. Defendant challenges section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2016)), which states:

> "A person commits predatory criminal sexual assault of a child if that person is 17
>
> years of age or older, and commits an act of contact, however slight, between the
>
> sex organ or anus of one person and the part of the body of another for the purpose

of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration, and *** the victim is under 13 years of age." *Id.*

As used in this statute, "contact" means "any touching." *People v. Kitch*, 2019 IL App (3d) 170522, ¶ 51. A violation of section 11-1.40(a)(1) of the Code is a Class X felony with a sentencing range of between 6 and 60 years' imprisonment. 720 ILCS 5/11-1.40(b)(1) (West 2016).

¶ 14 The aggravated criminal sexual abuse statute defendant uses for comparison is section 11-1.60(c)(1)(i) of the Code (720 ILCS 5/11-1.60(c)(1)(i) (West 2016)). It states: "A person commits aggravated criminal sexual abuse if *** that person is 17 years of age or over and *** commits an act of sexual conduct with a victim who is under 13 years of age." As used in this statute, "sexual conduct" is defined as:

> "any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused." *Id.* § 11-0.1.

In *Johanson*, 2023 IL App (2d) 210690, ¶ 18, the appellate court used grammatical indications to determine that, as a general matter, sexual conduct occurs when, for the purpose of sexual gratification or arousal of the offender or the victim, there is: (1) knowing touching or fondling of the offender or victim's sex organs, anus or breast; (2) knowing touching or fondling of any body part of a child under 13 years old; or (3) any transmission or transfer of semen by the accused on any part of the body of the victim. A violation of section 11-1.60(c)(1)(i) of the Code is a Class 2 felony (720 ILCS 5/11-1.60(g) (West 2016)) with a sentencing range of between three and seven

years' imprisonment. 730 ILCS 5/5-4.5-35(a) (West 2016). Thus, predatory criminal sexual assault of a child, a Class X felony, is punished more severely than aggravated criminal sexual abuse, a Class 2 felony. Because the offenses have disparate sentences, if the offenses contain identical elements, the sentence for predatory criminal sexual assault of a child would violate the proportionate penalties clause. See *Sroga*, 2022 IL 126978, ¶ 12.

¶ 15    Since 2020, the appellate court has addressed the very same contention defendant raises in this appeal four times. In *People v. Deckard*, 2020 IL App (4th) 170781-U, ¶ 75, the Fourth District of the appellate court agreed that the elements of predatory criminal sexual assault of a child, "as alleged" and proven against the defendant, "also me[t] the elements of aggravated criminal sexual abuse." In other words, according to the court, the two offenses had "identical elements when applied to the facts alleged," and therefore, the defendant's sentences for predatory criminal sexual assault of a child violated the proportionate penalties clause. *Id.*

¶ 16    Following *Deckard*, in *Johanson*, 2023 IL App (2d) 210690, ¶ 27, the Second District of the appellate court reached the opposite conclusion. In doing so, the court observed that the element of "sexual conduct" in the aggravated criminal sexual abuse statute was "much broader than the conduct prohibited" in the predatory criminal sexual assault of a child statute. *Id.* ¶ 19. Although the court acknowledged that there were instances in which the facts alleged and proven against a defendant would constitute both offenses, it asserted that "not all conduct that constitutes aggravated criminal sexual abuse also constitutes predatory criminal sexual assault of a child." *Id.* ¶ 20. In making this assertion, the court provided an example of an individual massaging the back of a naked six-year-old to sexually gratify himself. *Id.* The court remarked that such a person could be convicted of aggravated criminal sexual abuse, but absent an allegation that he touched the child's anus or sex organ, he could not be convicted of predatory criminal sexual assault of a child.

*Id.* In other words, predatory criminal sexual assault of a child requires more than aggravated criminal sexual abuse because the former offense "requires proof of a knowing touching of a sex organ or anus for sexual gratification or arousal when the victim is under 13 [years old]" whereas the latter offense "does not require knowing touching of such specific areas when the victim is under 13 [years old]." *Id.* ¶ 22. "Rather, touching *any part* of the body of a victim under 13 for sexual gratification or arousal constitutes aggravated criminal sexual abuse." (Emphasis in original.) *Id.* Thus, the court found that predatory criminal sexual assault of a child and aggravated criminal sexual abuse did not contain identical elements. *Id.* ¶ 19.

¶ 17    After concluding that the two offenses did not contain identical elements, the court further rejected the defendant's argument that, as applied to him based on the specific charges against him, the predatory criminal sexual assault of a child statute violated the proportionate penalties clause. *Id.* ¶ 24. The court highlighted that the defendant's argument had support in *Deckard*, but asserted that *Deckard* had been "wrongly decided," as the court there took a subjective, fact-based approach to the identical elements test when the test was purely an objective one. *Id.* ¶¶ 24-27. "Instead, comparing the elements of both statutes, irrespective of how the defendant committed predatory criminal sexual assault of a child, was all that mattered." *Id.* ¶ 25. The court acknowledged that, as alleged, the defendant's conduct satisfied the elements of both predatory criminal sexual assault of a child and aggravated criminal sexual abuse. *Id.* ¶ 27. However, the court reiterated that, under the objective identical elements test, the elements of predatory criminal sexual assault of a child and aggravated criminal sexual abuse were not the same, and thus, the defendant's sentence for predatory criminal sexual assault of a child did not violate the proportionate penalties clause. *Id.*

¶ 18    After *Johanson*, the Fourth District again faced the issue in *Melvin*, 2023 IL App (4th) 220385, ¶ 27. In the decision, when the defendant made his constitutional challenge under the proportionate penalties clause, he "solely addresse[d] the facts of his case" and therefore made an improper as-applied challenge under the identical elements test. *Id.* ¶¶ 27, 29, 31. Because the defendant "ma[de] no argument the statute [was] unconstitutional under any set of facts," *i.e.*, a facial challenge, the court declined to address the merits of his proportionate penalties challenge. *Id.* ¶ 31. Though it did not address the merits of his claim, the court noted the recent decisions of *Deckard* and *Johanson*. *Id.* ¶ 30. In discussing *Deckard*, the court asserted that, because it was unpublished, it was nonprecedential. *Id.* Regardless, the Fourth District observed that, "[t]o the extent the *Deckard* decision's mere existence suggests a defendant can raise an as-applied proportionate penalties challenge under the identical elements test, we emphasize the supreme court's decision in *Williams*[, 2015 IL 117470] does not allow such a challenge." *Id.*

¶ 19    Finally, the Second District of this court recently filed an unpublished decision in *People v. D.K.*, 2023 IL App (2d) 220267-U, *petition for leave to appeal pending*, No. 129742, which may be cited as persuasive authority. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). There, the court agreed with the reasoning of *Johanson* despite the defendant's attempts to convince the court otherwise. *D.K.*, 2023 IL App (2d) 220267-U, ¶¶ 12-20. Moreover, it agreed with *Johanson* and *Melvin* that *Deckard* employed legally specious reasoning. *Id.* ¶¶ 15-16, 20. Consequently, in *D.K.*, the Second District found that the offense of predatory criminal sexual assault of a child did not contain the same elements as aggravated criminal sexual abuse, and thus, the defendant's sentences for the offense did not violate the proportionate penalties clause. *Id.* ¶ 21.

¶ 20    After thoroughly the examining the decisions in *Deckard*, *Johanson*, *Melvin* and *D.K.*, we agree with the reasoning and conclusion in *Johanson* and *D.K.* that the offense of predatory

criminal sexual assault of a child does not share identical elements with the offense of aggravated criminal sexual abuse. While, as alleged and proven in Count 1, defendant's conduct toward V.H. constituted both offenses (see 720 ILCS 5/11-1.40(a)(1); 11-1.60(c)(1)(i) (West 2016)), "not all conduct that constitutes aggravated criminal sexual abuse also constitutes predatory criminal sexual assault of a child." *Johanson*, 2023 IL App (2d) 210690, ¶ 20. Furthermore, we agree with *Johanson*, *Melvin* and *D.K.* that there are legal flaws in the *Deckard* decision, namely countenancing an as-applied constitutional challenge under the identical elements test and allowing the identical elements test to become a subjective inquiry by examining how the defendant committed predatory criminal sexual assault of a child rather than objectively looking at the elements of the offense compared to aggravated criminal sexual abuse.

¶ 21    Nevertheless, defendant posits that *Johanson* was wrongly decided. Relying on *Clemons*, 2012 IL 107821 and *People v. Graves*, 207 Ill. 2d. 478 (2003), he argues that, in order to determine whether there is a proportionate penalties clause violation, courts must look at the elements of the offense as alleged in the case before it. Essentially, defendant posits that, in *Johanson*, the court conflated the different methods of committing the offenses of predatory criminal sexual assault of a child and aggravated criminal sexual abuse with the actual elements of the offenses. And thus, he contends that the *Johanson* court did not confine its analysis to elements relevant to the defendant's case.

¶ 22    However, defendant's contentions contravene *Williams*, 2015 IL 117470. In that case, the defendant was charged with multiple counts of aggravated unlawful use of a weapon based on his lack of a Firearm Owner's Identification (FOID) card. *Id.* ¶ 3. After being charged, he filed a motion to declare the sentences for the offenses unconstitutional " '[a]s [t]o [him]' " because the elements of aggravated unlawful use of a weapon based on a lack of a FOID card were the same

as a violation of the Firearm Owners Identification Card Act (430 ILCS 65/2(a)(1) (West 2012)) (FOID Card Act) yet the punishments for the two were disparate. *Id.* ¶ 4. The circuit court agreed and found that the sentences for aggravated unlawful use of a weapon based on a lack of a FOID card violated the proportionate penalties clause, and thus, the statute was unconstitutional both as applied to the defendant and facially. *Id.* ¶ 5. The State appealed directly to our supreme court. *Id.*

¶ 23    On appeal, the court began by comparing the language of the two statutes at issue. *Id.* ¶¶ 11-13. In doing so, the court observed that an individual violated the relevant section of the FOID Card Act by acquiring or possessing a firearm without having a FOID card. *Id.* ¶ 14. On the other hand, the court noted that an individual violated the relevant sections of the aggravated unlawful use of a weapon statute by not having been issued a FOID card and either: (1) knowingly carrying a firearm on his person or in any vehicle, outside the home; or (2) knowingly carrying or possessing a firearm on his person upon any public way. *Id.* After making these observations, the court highlighted that the relevant sections of the aggravated unlawful use of a weapon statute contained "a location element that the FOID Card Act does not." *Id.* One section "requires proof that a person possessed the firearm outside his home," and another section "requires proof that a person possessed the firearm upon any public way." *Id.* Conversely, according to the court, the FOID Card Act lacks a location requirement. *Id.* The court stated:

"A person who acquires or possesses a firearm without also possessing a valid FOID card violates the FOID Card Act regardless of his location. A violation of the FOID Card Act can occur in one's home; however, such conduct would not be a violation of [the aggravated unlawful use of a weapon statute]. Because [aggravated unlawful use of a weapon] has this additional location element, we find that the

offense of [aggravated unlawful use of a weapon] and a violation of the FOID Card

Act are not identical." *Id.*

Having found that the offenses were not identical, our supreme court concluded there was no proportionate penalties violation. *Id.*

¶ 24    In arriving at this conclusion, the court rejected the defendant's argument that, because an individual who possesses a firearm while not having a FOID card simultaneously violates both the aggravated unlawful use of a weapon and FOID Card Act statutes, the statutes must have identical elements. *Id.* ¶ 18. The court posited that such a situation "is not always true," as "a person can violate the FOID Card Act by possessing a firearm in his home without also having in his possession a FOID card, whereas such conduct would not violate the [aggravated unlawful use of a weapon] statute." *Id.* The defendant also argued that, to determine whether there was a proportionate penalties violation, the court had to consider the offenses as applied to his case. The court swiftly rejected such an argument, asserting that "[t]he identical elements test simply compares the elements of the two offenses to determine if the offenses are the same" and "does not consider the offenses as applied to an individual defendant." *Id.* ¶ 19.

¶ 25    Turning back to the instant case, just as in *Williams*, although we acknowledge while, as alleged and proven in Count 1, defendant's conduct toward V.H. constituted both predatory criminal sexual assault of a child and aggravated criminal sexual abuse, it is not always true that someone's conduct would constitute both offenses. See *Johanson*, 2023 IL App (2d) 210690, ¶ 20. This is because the terms "contact" in the predatory criminal sexual assault of a child statute and "sexual conduct" in the aggravated criminal sexual abuse statute do not mean the same thing. See *id.* ¶ 19. And because these terms do not mean the same thing and it is possible to commit predatory

criminal sexual assault of a child while not committing aggravated criminal sexual abuse, the two offenses do not share identical elements. See *Williams*, 2015 IL 117470, ¶¶ 17-18.

¶ 26    Furthermore, when defendant asks us to look at the elements of the relevant offenses alleged in his case, which he repeatedly does in his brief and did at oral argument, he tacitly requests that we employ a subjective analysis by examining how he committed predatory criminal sexual assault of a child in Count 1 rather than objectively looking at the elements of that offense compared to the elements of aggravated criminal sexual abuse to determine whether a proportionate penalties clause violation exists. As our supreme court stated in *Williams*, we only look at the elements of predatory criminal sexual assault of a child and aggravated criminal sexual abuse, and do not consider the offenses as applied to the instant defendant. *Id.* ¶ 19. Moreover, the appellate court rejected a nearly identical argument in *D.K.*, 2023 IL App (2d) 220267-U, ¶¶ 17-19, which again we may cite as persuasive authority. See Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). Consequently, the predatory criminal sexual assault of a child statute does not violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and defendant's six-year sentence on Count 1 for the offense was proper.

¶ 27                                    III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.